■ NORTHEASTERN HARNESS HORSEMEN'S ASSOCIATION, INC., et al., Respondents, v SARATOGA HARNESS RACING, INC., Appellant. [628 NYS2d 436] — White, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered July 14, 1994 in Saratoga County, which granted plaintiffs' motion for a preliminary injunction by default, and (2) from an order of said court, entered July 14, 1994 in Saratoga County, which denied defendant's motion to vacate the default order granting the preliminary injunction.

On March 23, 1994, defendant circulated a memorandum to all horsemen and trainers who stabled horses at Saratoga Raceway (hereinafter Raceway), a harness racing track located in the City of Saratoga Springs, Saratoga County, advising them they would have to remove their horses and property from the Raceway by 4:00 P.M., on April 1, 1994 if they had not submitted a stall application on March 10, 1994. Thereafter, on March 31, 1994, defendant notified plaintiffs Paul Kelley and David Spagnola that they would have to vacate the Raceway premises by April 2, 1994 or their horses and property would be removed therefrom.

To forestall the evictions, plaintiffs on April 1, 1994 commenced this action alleging that the individual plaintiffs had valid month-to-month leases for stall space and seeking, *inter alia*, an injunction restraining defendant from interfering with their leases unless it accorded them all the rights provided under law. Concomitantly, plaintiffs obtained an order to show cause seeking a preliminary injunction that was returnable on April 4, 1994 at 9:30 A.M. Defendant did not appear; due to the default, Supreme Court, at 9:45 A.M., granted plaintiffs a preliminary injunction. Defendant immediately moved by order to show cause for an order vacating the default order. Supreme Court denied the motion, prompting defendant to appeal from both of Supreme Court's orders.

Initially, as no appeal lies from an order entered on the default of an aggrieved party, we shall dismiss the appeal from the default order granting the preliminary injunction (*see, Batra v State Farm Fire & Cas. Co.*, 205 AD2d 480; *Brannigan v Dubuque*, 199 AD2d 851).

To vacate its default, defendant was required to demonstrate a reasonable excuse for its default, a meritorious defense and the absence of willfulness (*see, La Griglia, Inc. v Firemen's Ins. Cos.*, 198 AD2d 637, 638, *lv denied* 83 NY2d 801). While defendant's attorney claims that his failure to appear was due to the fact he did not know this case had been assigned to Justice Ferradino, he offers no explanation for his failure to be at the courthouse at 9:30 A.M. on April 4, 1994 or why he did not contact the court by telephone until 9:50 A.M. In the absence of such an explanation, we agree with Supreme Court that defendant did not establish a reasonable excuse for its default. Thus, as its determination finds support in the record, we shall not disturb Supreme Court's exercise of discretion in this matter (*see, MacMarty, Inc. v Scheller*, 201 AD2d 706, 707).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the appeal from the order granting a preliminary injunction by default is dismissed. Ordered that the order denying the motion to vacate the default order is affirmed, with costs.