■ CHRISTINE CLASSIE, Respondent, v STRATTON OAKMONT, INC., et al., Appellants. [653 NYS2d 377] —In an action, *inter alia*, to recover damages pursuant to Executive Law § 296 for sexual harassment, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Kutner, J.), dated December 29, 1995, which granted the plaintiff's motion for leave to enter a default judgment against them, and (2) an order of the same court dated April 16, 1996, which denied their motion to vacate their default in answering the complaint.

Ordered that the orders are reversed, as a matter of discretion, with costs to the plaintiff, the plaintiff's motion is denied, the defendants' motion is granted, and the defendants' time to serve their answers is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry, on condition that the defendants personally pay $1,500 to the plaintiff within 20 days after service of a copy of this decision and order, with notice of entry; in the event that condition is not complied with, the orders are affirmed, with costs to the plaintiff.

The parties were engaged in negotiations for several months prior to the commencement of this action in an effort to avoid litigation, and the defendants contend that settlement negotiations continued after the action was commenced. The defendants were approximately two weeks late in serving their answer, which, together with their affidavits, presented sharp factual disputes which could only be resolved after a trial. Under these circumstances, and considering the minimal prejudice to the plaintiff caused by the defendants' short delay in answering, as well as the public policy in favor of resolving cases on the merits, we conclude that it was an improvident exercise of the court's discretion to refuse to vacate the defendants' default (*see, Scielzi v Gold*, 213 AD2d 872; *Walter v Rockland Armor & Metal Corp.*, 140 AD2d 335; *see also, Robles v Grace Episcopal Church*, 192 AD2d 515; *I.J. Handa, P. C. v Imperato*, 159 AD2d 484). Nevertheless, under the circumstances, we deem it appropriate to require the defendants to

pay the plaintiff the sum of $1,500 as a condition of reversal. Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.