■ MARCEL ALMOND, Individually and as Administrator of the Estate of LISA A. ALMOND, Deceased, Appellant, v TOWN OF MASSENA, Respondent, et al., Defendants. [663 NYS2d 430] —White, J. Appeal from an order of the Supreme Court (Demarest, J.), entered November 22, 1996 in St. Lawrence

County, which denied plaintiff's motion for a default judgment against defendant Town of Massena.

After filing a timely notice of claim against defendant Town of Massena, plaintiff commenced this action against the Town, defendant Massena Memorial Hospital and three other individuals alleging causes of action in negligence and medical malpractice for the wrongful death of Lisa A. Almond.* The summons and complaint were served on the Town by personal service upon Duane Hazelton, the Town's Supervisor, on July 26, 1995. By February 1996, the Town had neither appeared nor answered the complaint and plaintiff moved for a default judgment against it. The Town opposed the motion on the ground of excusable default. Supreme Court denied plaintiff's motion and this appeal ensued.

Plaintiff argues that Supreme Court abused its discretion in denying his motion for a default judgment because the Town neither tendered a reasonable excuse for the default nor a meritorious defense to the action. We do not agree. The record reveals that upon service of the summons and complaint, Hazelton promptly forwarded the documents to the Town's insurance carrier, which subsequently denied coverage under its policy after the time for answering the complaint has expired. In addition, Hazelton promptly forwarded the summons and complaint to the hospital, as was his past practice, believing that the hospital's carrier would defend the Town in the matter because the Town was insured under the hospital's professional and general insurance policy. Unbeknownst to Hazelton, the Town was not covered under this policy and it appears that he was unaware that the hospital's carrier would not be defending the Town until he learned that no answer had been interposed in the action.

Mindful that there is a strong public policy which favors a determination of an action on the merits (*see, Heinrichs v City of Albany*, 239 AD2d 639, 640), we are persuaded that the Town's claim of inadvertent error was sufficient to constitute a reasonable excuse for the default. Moreover, we are satisfied that the Town's submissions adequately demonstrate that it has a potentially meritorious defense (*see, Randolph v City of New York*, 69 NY2d 844, 847; *Fidelity & Deposit Co. v Andersen & Co.*, 60 NY2d 693, 695). Absent proof that the Town's default was willful or that plaintiff was prejudiced as a result of the delay, we do not find that Supreme Court improvidently exercised its discretion in denying the motion (*see, Heinrichs v*

---

* The Town was joined in the action based on allegations that it operated the hospital.

*City of Albany, supra; Yayin Chu-Reimer v Metpath, Inc.,* 227 AD2d 860, 861). We have examined plaintiff's remaining argument and find it to be without merit.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.