■ DONALD J. KAVANAGH, JR., Respondent, v MICHAEL DEMITRIEUS et al., Appellants. [684 NYS2d 899] —In an action to recover payment for legal services performed, the defendants appeal from (1) a judgment of the Supreme Court, Nassau County (Lockman, J.), entered August 6, 1997, upon their failure to appear or answer, and (2) an order of the same court, dated March 17, 1998, which denied their motion for leave to vacate the judgment.

Ordered that the appeal from the judgment is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendants provided neither evidence of excusable default nor a meritorious defense as required by CPLR 5015 in order to obtain vacatur of the judgment (*cf., Classie v Stratton Oakmont,* 236 AD2d 505). S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.

■ MADELINE KRANJAC, Appellant, v ANTHONY KRANJAC, Respondent. [684 NYS2d 899] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), entered December 30, 1997, which denied her motion, *inter alia,* to enjoin the distribution of the proceeds of the sale of the defendant's business pending the determination of the action.

Ordered that the order is affirmed, with costs.

While we do not condone the husband's violation of the parties' "so ordered" stipulation, under the particular circumstances of this case, the Supreme Court did not improperly deny the relief requested by the wife on the instant motion. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.