◼ MICHAEL M. DAWSON et al., as Parents and Guardians of BENJAMIN DAWSON, an Infant, Plaintiffs, v SUBURBAN SALES & SERVICE, INC., Defendant and Third-Party Plaintiff-Respondent.

---

* Petitioner was also charged with, and found not guilty of, possession of stolen property.

D.A. BENNETT, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. (And Another Related Action.) [700 NYS2d 263] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Canfield, J.), entered March 24, 1999 in Albany County, which, *inter alia*, denied motions of third-party defendant D.A. Bennett, Inc. to compel acceptance of its answers to third-party complaints.

On August 9, 1995, an explosion destroyed a home and apparently seriously injured an occupant. Damage suits were brought against defendant Suburban Sales and Service, Inc., the company that furnished propane fuel to the home. In the course of those lawsuits, Suburban obtained an order directing third-party defendant D.A. Bennett, Inc., a heating contractor and not a party to those actions, to submit to a nonparty deposition. That deposition was conducted at the office of Suburban's attorney on July 7, 1998 and Thomas Drake, Bennett's president and general manager, was deposed. At the conclusion of the deposition, Drake, who was not represented by counsel, was advised by Suburban's attorney that "everything was fine", that it did "not appear that [Drake] was involved in the incident of August 9, 1995" and that Drake would be receiving a copy of the transcript of the testimony. Despite these seeming assurances, the following month Suburban commenced a third-party action against Bennett.

Service was effected via the Secretary of State, who mailed the papers to Bennett on August 25, 1998. When the third-party complaint arrived, Drake—noting its similarity to the order to show cause paperwork he previously received compelling his appearance at the nonparty deposition—believed that it was the promised copy of the deposition and set it aside until approximately two months later when he received correspondence regarding the lawsuit from counsel to another third-party defendant. Realizing upon further inspection that it was in fact a third-party complaint, Drake promptly turned it over to Bennett's insurance carrier, which informed him that if Bennett was not permitted to interpose an answer it would disclaim coverage for failure to give timely notice of the suit to the carrier. Bennett's motion for an extension of time to appear and to compel acceptance of its untimely answers was met with Suburban's cross motion for default judgments, which was granted; this appeal followed.

In light of the strong public policy favoring resolution of actions on their merits (*see, Heinrichs v City of Albany*, 239 AD2d 639, 640), the fact that failure to serve a timely answer was the result of inadvertent excusable error (*see, Almond v Town*

*of Massena,* 243 AD2d 1021, 1022), coupled with Bennett's demonstration of a potentially meritorious defense (*see, Fidelity & Deposit Co. v Anderson & Co.,* 60 NY2d 693, 695)—according to Drake, Bennett has no records and Drake no recollection of work being done on the destroyed home's propane appliances or system—and as there is no indication that prejudice will result from the delay (*see, Almond v Town of Massena, supra*), it was an improvident exercise of discretion to deny Bennett's motion.

Mikoll and Mugglin, JJ., concur.

Cardona, P. J. (dissenting). We respectfully dissent. In our view, the excuse offered by third-party defendant D.A. Bennett, Inc. is akin to a party's failure to comprehend the urgency of responding to a complaint, which does not constitute a reasonable excuse (*see, Pagano v U.W. Marx, Inc.,* 223 AD2d 817). Bennett's demonstration of a potentially meritorious defense is irrelevant (*see, id.,* at 818). Since Supreme Court's exercise of discretion finds support in the record, we should not disturb it (*see, Northeastern Harness Horsemen's Assn. v Saratoga Harness Racing,* 216 AD2d 746, 747).

Mercure, J., concurs.

Ordered that the order is reversed, on the law, with costs, cross motion denied and motion granted.