■ RICHARD E. HITCHCOCK, Appellant, v HENRY P. BOYACK et al., Respondents. [715 NYS2d 108] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered October 18, 1999 in Washington County, which, *inter alia*, granted defendants' motions to dismiss the complaint.

This appeal is part of an ongoing dispute between the parties concerning the use of a roadway leading from the Village of Ticonderoga, Essex County, to Black Point (now known as Tiroga Point) on Lake George and a beach known as the Black Point Sand Beach. In February 1996, plaintiff, a property owner claiming easements for use of the roadway and beach, commenced an action pursuant to RPAPL article 15 on behalf of himself and others similarly situated against adjoining property owners, defendants Henry P. Boyack, June Boyack, William Boyack, Robert Stefanic, Edda Stefanic, Arthur Secor and Lucile Secor (hereinafter collectively referred to as defendants) alleging, *inter alia*, that defendants improperly interfered with plaintiff's use of the roadway and beach. On appeal, this Court upheld the dismissal of the action based upon the failure to join as necessary parties other property owners who may be either beneficially or adversely affected by the outcome of the litigation involving the construction of language of a certain deed under which plaintiff claimed the easements (*see*, 256 AD2d 842).

In May 1999, following our decision in the case, plaintiff

commenced this action against the same defendants alleging, *inter alia*, that they intentionally and maliciously obstructed his use of the roadway and beach and sought abatement of the alleged nuisance as well as monetary damages. Defendants moved to dismiss the complaint on grounds, *inter alia*, that it was time barred and for failure to join necessary parties. Plaintiff, in turn, cross-moved for summary judgment. Supreme Court, *inter alia*, dismissed the complaint as barred by the Statute of Limitations and the doctrine of laches resulting in this appeal.

Insofar as the allegations forming the basis of plaintiff's claims of nuisance involve actions defendants began in 1984 which have allegedly recurred and have continued, we cannot say on the record before us that the complaint is barred by the Statute of Limitations or the doctrine of laches (*see generally*, *Sova v Glasier*, 192 AD2d 1069). Nevertheless, we find that the complaint must be dismissed for failure to join necessary parties.

In order to prevail upon a cause of action for private nuisance, the plaintiff must demonstrate "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (*Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 570; *see*, *Jennings v Fisher*, 258 AD2d 722, 723). Therefore, in the case at hand, plaintiff's right to use the roadway and beach is an essential element to his recovery upon the theory of nuisance. Resolution of this issue is dependent upon construction of the deed under which plaintiff claims he acquired the easements. That determination was the same question involved in plaintiff's prior action (*see*, 256 AD2d 842, *supra*). Moreover, a review of plaintiff's present complaint reveals that the allegations contained therein are essentially the same as contained in the complaint set forth in the prior action although couched under a different legal theory. Since property owners not named as parties in the instant action would certainly be affected by any determination regarding whether plaintiff has legal rights to use of the roadway and beach, we find that such property owners are necessary parties to the within action. Since they were not named, the complaint must be dismissed. In view of our disposition, we need not consider plaintiff's remaining arguments.

Carpinello, Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.