■ WELLIVER MCGUIRE, Respondent, v COUSAR PAINTING COMPANY, Appellant. [723 NYS2d 565] —Rose, J. Appeal from an order of the Supreme Court (Castellino, J.), entered March 9, 2000 in Chemung County, which denied defendant's motion to vacate a default judgment entered against it.

This action for breach of a painting contract alleging, *inter alia*, overpayment for defendant's work and seeking damages in the amount of $301,384.21, was commenced after defendant allegedly abandoned the job without paying its employees' pen-

sion fund and certain suppliers, subcontractors and State and Federal taxes. On October 6, 1999, defendant's president, Thomas Cousar, was personally served with a summons and complaint, and he immediately telephoned plaintiff's counsel to say that he would attempt to resolve plaintiff's claim without retaining counsel. However, he made no settlement offer, he requested no extension of time to answer or stay of the lawsuit, and none was given. Nor did defendant serve an answer within the requisite 30 days. Instead, on November 15, 1999, Cousar met with plaintiff's representatives. This meeting ended when plaintiff rejected defendant's proposal to work off the debt on other projects of plaintiff's. Cousar again did not request an extension of defendant's time to answer and, on November 17, 1999, plaintiff obtained judgment based on defendant's default. By order to show cause dated December 15, 1999, defendant moved to vacate the default judgment. Supreme Court denied defendant's motion, prompting this appeal.

We will not disturb Supreme Court's determination of a motion to vacate a default judgment unless it reflects an improvident exercise of discretion (*see, Colonie Constr. Prods. v Titan Indem. Co.*, 265 AD2d 716, 718-719; *Agway, Inc., AAP New England v Chichester*, 259 AD2d 880). To succeed, the movant must demonstrate a reasonable excuse for the default and a meritorious defense (*see,* CPLR 5015 [a] [1]), as well as an absence of willfulness and a lack of prejudice to the opposing party (*see, Asterino v Asterino & Assocs.*, 275 AD2d 517, 519).

Here, Cousar telephoned plaintiff's attorney on the day that he received the summons and complaint to express a desire for a resolution and an unwillingness to consult counsel, but he then did nothing until after expiration of defendant's time to answer. His assertion that he had asked plaintiff's counsel to arrange a meeting for him and that she had agreed to do so is sharply disputed, and it was certainly within Supreme Court's discretion to find that Cousar's single attempt at negotiation failed to establish a reasonable excuse for defendant's default. Supreme Court did not err in finding that the lack of any negotiations until after the default occurred readily distinguishes this case from the circumstances favorably considered in *Classie v Stratton Oakmont* (236 AD2d 505), where settlement negotiations had been ongoing for several months prior to the commencement of the action and continued after the action was commenced.

Nor did Supreme Court err in finding inadequate defendant's allegation of a meritorious defense based upon, *inter alia*, additional work outside the scope of the original contract at a

cost to defendant of $101,490. The record reveals no evidence that the proposed change orders cited by defendant were ever approved by the project owner, and Cousar's assertion that the work was actually performed is unsupported and conclusory. Although this proposal to perform additional work was made on February 1, 1999, defendant subsequently signed numerous interim lien waivers indicating receipt of all amounts due through April 27, 1999, and there is simply no evidence in this record that defendant ever sought to raise this claim until it moved to vacate the default judgment. Thus, we cannot say that there has been an abuse or improvident exercise of Supreme Court's discretionary power to vacate this default judgment.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.