■ DAVID DRUCKER, Appellant, v ROLAND WARD, Respondent. [740 NYS2d 521] —Peters, J. Appeal from an order of the Supreme Court (Kane, J.), entered February 20, 2001 in Sullivan County, which denied plaintiff's motion for a default judgment.

Alleging that defendant had blocked a right-of-way to plaintiff's property, plaintiff commenced this action to recover punitive as well as compensatory damages for the diminution in value of several automobiles which, according to plaintiff, deteriorated during the period that defendant's trespass prevented their removal. Approximately six months after serving defendant with the summons and complaint, plaintiff moved for a default judgment based on defendant's failure to answer. Defendant appeared and opposed the motion, prompting Supreme Court to deny the motion for the default. This appeal followed.

The denial of a plaintiff's motion for default judgment will not be disturbed where the record reveals that the defendant demonstrated a reasonable excuse for the default and a meritorious defense (*see, Almond v Town of Massena*, 243 AD2d

1021). In our view, the affidavit from defendant's former counsel explaining her delay after she was notified that this action had been commenced, in conjunction with defendant's assertion that the right-of-way was not totally blocked and that a collateral estoppel/res judicata defense could properly be propounded, constitutes sufficient evidence to support Supreme Court's determination.

Plaintiff further failed to demonstrate that defendant's default was willful or that plaintiff was prejudiced by the delay in answering. Considering the strong public policy favoring resolution of actions on their merits (*see, Dawson v Suburban Sales & Serv.*, 267 AD2d 733; *see also, Almond v Town of Massena, supra*), we find no improvident exercise of discretion in denying plaintiff's motion (*see, Heinrichs v City of Albany*, 239 AD2d 639; *see also, Kondolf v National Grange Mut. Ins. Co.*, 259 AD2d 1021).

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.