■ RICHARD E. HITCHCOCK et al., Appellants, v GERALD ABBOTT et al., Defendants, and STEPHEN MERSEREAU et al., Respondents. [780 NYS2d 398]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Moynihan, Jr., J.), entered January 31, 2003 in Washington County, which, inter alia, granted motions by defendants Stephen Mersereau, Lauren Tyler, June Boyack and Town of Ticonderoga to dismiss the complaint against them, and (2) from an order of said court (Sise, J.), entered June 18, 2003 in Washington County, which denied plaintiffs' motion for reargument and/or renewal.

As set forth in two prior decisions of this Court (*Hitchcock v Boyack,* 277 AD2d 557 [2000]; *Hitchcock v Boyack,* 256 AD2d 842 [1998]), plaintiff Richard E. Hitchcock (hereinafter plaintiff) is a property owner claiming easements for the use of a certain roadway leading from the Village of Ticonderoga, Essex County, to Black Point (now known as Tiroga Point) on Lake George, as well as the use of Black Point Sand Beach. Plaintiff originally commenced an action, pro se, pursuant to RPAPL article 15, to quiet title against, among others, Henry R. Boyack (now deceased) and his wife, defendant June Boyack. Plaintiff later moved for leave to join defendants Robert Stefanic, Edda Stefanic, Arthur Secor and Lucile Secor to the action (*Hitchcock v Boyack,* 256 AD2d 842, 843 [1998], *supra*). This Court affirmed the dismissal of the complaint upon the failure to join all necessary parties, including plaintiff's wife, Jane Hitchcock (*id.*). Plaintiff then commenced a second action, pro se, against the same defendants for nuisance, alleging, among other things, that they obstructed his use of the roadway and beach (*Hitchcock v Boyack,* 277 AD2d 557 [2000], *supra*). This Court again upheld the dismissal of the action for, inter alia, failure to join all necessary parties (*id.*). The Boyacks thereafter sold their property to defendants Stephen Mersereau and Lauren Tyler.

In July 2001, plaintiff, still pro se, commenced the instant ac-

tion to quiet title to the property, naming numerous interested parties as plaintiffs. After several of these parties advised that they would not consent to being plaintiffs, the complaint was amended to remove them from the action. In April 2002, plaintiff hired an attorney and Supreme Court granted plaintiffs' motion for leave to serve a second amended complaint on the condition that a "thorough title search" was to be conducted to determine the proper parties. Plaintiff's counsel conducted a title search and served a second amended complaint, naming several more parties to the action.

Mersereau, Tyler, June Boyack and defendant Town of Ticonderoga (hereinafter collectively referred to as defendants) moved to dismiss the second amended complaint for failure to join all necessary parties, including plaintiff's wife, Jane Hitchcock, and the owners of the servient estates. In response to those motions, plaintiffs submitted an affirmation from their counsel explaining that Jane Hitchcock conveyed all of her interest in the subject property to plaintiff, including her life estate, in a quitclaim deed dated June 28, 2001. An unsigned, unrecorded copy of that deed was attached as an exhibit. Supreme Court (Moynihan, Jr., J.), inter alia, granted defendants' motions to dismiss, ruling that plaintiffs failed to conduct a sufficient title search, name Jane Hitchcock as a party and name all the owners of the servient estates. In doing so, the court noted that the second amended complaint stated that the owners of the servient estates were not all known, but included "the Public Trust" and "George Weed and his estate," entities not named as party defendants. The court also found that the second amended complaint improperly named the Boyacks as defendants since they no longer owned the property sold to Mersereau and Tyler. Plaintiffs appeal this order.

Subsequently, plaintiffs moved for reargument and/or renewal. In his affirmation, plaintiffs' attorney maintained that a thorough title search had been conducted, and he attached as exhibits current tax maps, survey maps, copies of all involved deeds and a flow chart explaining the chain of title. The attorney averred that, "[u]pon completion of the title search, it was determined that the owners of the servient estates are the Secors, Stefanics, Mercereau, Tyler, and the Towns of Ticonderoga and Putnam. All of these property owners are named as party Defendants." According to plaintiffs' attorney, while the second amended complaint did indicate that all owners of the servient estates had not been named, those allegations were originally included in plaintiff's pro se amended complaint and "mistakenly retained in the Second Amended Complaint." It

was also reiterated that Jane Hitchcock was not a necessary party and a copy of the signed and recorded quitclaim deed conveying her interest to plaintiff was included in the motion papers. Supreme Court (Sise, J.) denied plaintiffs' motion for reargument and/or renewal, prompting this appeal from that order as well.[1]

Upon review of this record, we find that grounds for dismissal pursuant to CPLR 1001 were not established and, therefore, plaintiffs' motion for reconsideration[2] should have been granted. Notably, the quitclaim deed attached to plaintiffs' motion for reconsideration sufficiently demonstrates that Jane Hitchcock is no longer a necessary party. Although defendants questioned whether that deed transferred all of her interest to plaintiff, we note that it specifically states, inter alia, that it was conveying "the appurtenances and all the estate and rights" of Jane Hitchcock. Therefore, her absence as a party is no longer dispositive.

With respect to the thoroughness of identifying the owners of the servient estates, we do not agree that a full abstract of title, which would include, inter alia, all liens of record, was necessary (see 1 NY Jur 2d, Abstracts and Land Titles § 2, at 77). In our opinion, a standard "title search" (Black's Law Dictionary [8th ed 2004]) of public records conducted by a real estate attorney was sufficient.

Turning to the issue of joinder of the owners of the servient estates as necessary defendants, we note that Mersereau and Tyler acknowledge in their brief that George Weed's estate and the Public Trust are not owners of the servient estate as mistakenly claimed by plaintiffs. Nevertheless, it is argued that plaintiffs should be bound by those assertions and the determination that all necessary parties were *not* joined should be upheld. We do not agree. While it is true that parties are generally bound by the allegations in their complaint as to the determination of who is a necessary party (*see generally Matter of Board*

---

1. We note that plaintiffs cannot appeal from the denial of that part of the motion which sought reargument (*see Matter of Castell v City of Saratoga Springs*, 3 AD3d 774, 776 [2004]).

2. We recognize the argument on appeal that the additional information supplied by plaintiffs on their reconsideration motion may not meet the criteria for a motion to renew pursuant to CPLR 2221 (e). However, plaintiffs maintain that they never had an opportunity to respond to the detailed arguments in the reply affidavit submitted in the original motion before Supreme Court (Moynihan, Jr., J.). In any event, given the particular circumstances herein, including the protracted history of this litigation, we deem it appropriate to consider plaintiffs' renewal motion to be properly before us (*see generally Pinto v Pinto*, 120 AD2d 337, 338 [1986]).

*of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y.,* 282 AD2d 166, 174-175 [2001]; *Matter of Benson v Cuevas,* 272 AD2d 764, 767 [2000], *lv denied* 95 NY2d 760 [2000]), here, not only did plaintiffs' attorney explain that the subject language was included by mistake, but the genuineness of the error is apparent from the record. Under the circumstances, we conclude that said mistake should be disregarded (*see* CPLR 2001).

Furthermore, defendants dispute the inclusion of the Boyacks as party defendants in the second amended complaint despite the fact that they sold their property to Mersereau and Tyler. Inasmuch as we do not find plaintiffs' arguments in favor of retaining the Boyacks as parties to be persuasive, it is appropriate that they be dropped as parties to this litigation (*see* CPLR 1003). Accordingly, we find the dismissal of the second amended complaint as to the Boyacks to be proper.

This Court is certainly mindful of the long and difficult history of this litigation. With all necessary parties apparently joined, we strongly urge an expeditious completion of these proceedings. Given our conclusions, it is not necessary to consider the propriety of the original order entered January 31, 2003, granting defendants' motions to dismiss. The remaining arguments of the parties have been examined and found unpersuasive under the circumstances.

Mercure, Carpinello and Kane, JJ., concur. Ordered that the order entered June 18, 2003 is reversed, on the law and as a matter of discretion in the interest of justice, without costs, plaintiffs' motion for renewal granted and, upon renewal, deny the motions of defendants Stephen Mersereau, Lauren Tyler, June Boyack and Town of Ticonderoga to dismiss the complaint as to all defendants except defendants Henry R. Boyack and June Boyack. Ordered that the appeal from the order entered January 31, 2003 is dismissed, as academic, without costs.