■ AL LORIS et al., Appellants, v S & W REALTY CORPORATION, Respondent. [790 NYS2d 579]—

Cardona, P.J. Appeal from an order of the Supreme Court (Ledina, J.), entered June 18, 2003 in Sullivan County, which,

upon reargument, granted defendant's motion to vacate a default judgment entered against it.

Plaintiffs own real property in the Town of Thompson, Sullivan County. In 1993, defendant, a domestic corporation, purchased an adjacent parcel of property which it operates as a seasonal bungalow colony. A driveway and parking area on defendant's property allegedly encroaches on plaintiffs' land. This encroachment prompted plaintiffs to commence this RPAPL article 15 action to determine title to the property.

Despite proper service of the initiatory papers, defendant failed to answer. As a result, plaintiffs applied for a default judgment pursuant to CPLR 3215. When defendant failed to respond to that motion, Supreme Court issued an order granting plaintiffs a default judgment. Twenty days after the decision granting judgment was signed, defendant moved to vacate the default judgment. The court denied the motion and signed the default judgment. Defendant then moved to renew and reargue the motion. The court denied the motion to renew, granted the motion to reargue and, upon reconsideration, reversed its prior determination and granted defendant's request to vacate the default judgment, prompting this appeal.

Initially, plaintiffs contend that Supreme Court erred in granting defendant's motion to reargue. However, "[i]t is well settled that a motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and is properly granted upon a showing that the court overlooked or misapprehended the facts and/or the law or mistakenly arrived at its earlier decision" (*Peak v Northway Travel Trailers*, 260 AD2d 840, 842 [1999]). Additionally, even in situations where the criteria for granting a reconsideration motion are not technically met, courts retain flexibility to grant such a motion when it is deemed appropriate (*see e.g. Hitchcock v Abbott*, 9 AD3d 563, 566 n 1 [2004]; *Pinto v Pinto*, 120 AD2d 337, 338 [1986]). Here, in granting reargument and vacating the default judgment, Supreme Court noted "the strong public policy in favor of resolving cases on the merits" (*see Frank v Martuge*, 285 AD2d 938, 939 [2001]), and candidly acknowledged that it had been "too strict" in ruling that the requirements for opening a default judgment had not been met. We find no abuse of discretion in Supreme Court's ruling.

Turning to the issue of whether defendant satisfied the requirements for vacating a default judgment, in order for the subject default judgment to have been vacated, defendant had the burden of presenting a sufficient meritorious defense and reasonable excuse for the default (*see Almond v Town of Mas-*

*sena*, 243 AD2d 1021, 1022 [1997]; *see also* CPLR 5015 [a] [1]). With respect to the issue of meritorious defense, defendant's president specifically stated in his original affidavit that defendant and its predecessor in title had utilized the disputed property for a sufficient period of time to satisfy the requisites of adverse possession. While the absence of an affidavit from the prior owner would certainly justify denial of a CPLR 3212 motion, it is not necessary that summary judgment standards be met before a court can exercise its discretionary power to vacate a default judgment. Instead, a party is only required to demonstrate the existence of issues of fact sufficient to establish a meritorious defense if proven at trial (*see Frank v Martuge, supra* at 939). The proof submitted by defendant on the original motion to vacate the default was sufficient for that purpose.

As for the requirement of reasonable excuse, defendant's explanation of the delay was sufficient to establish that the default was not willful and, significantly, there is no persuasive proof in the record that plaintiffs suffered prejudice as a result (*see Drucker v Ward*, 293 AD2d 891, 892 [2002]; *Almond v Town of Massena, supra* at 1022; *Murphy v D. V. Waste Control Corp.*, 124 AD2d 573 [1986]). Consequently, Supreme Court's decision in defendant's favor did not constitute "an improvident exercise of discretion" (*McGuire v Cousar Painting Co.*, 282 AD2d 906, 907 [2001]). Thus, we affirm, allowing the matter to proceed to a resolution on the merits.

Mercure, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.