■ FIRST SEALORD SURETY, INC., Appellant, v VESTA 24 LLC et al., Respondents, et al., Defendants. [866 NYS2d 63]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 3, 2008, which, upon granting plaintiff's motion to reargue, adhered to a prior order, same court and Justice, entered July 5, 2007, granting defendants-respondents' motion to dismiss plaintiff's cause of action to foreclose a mechanic's lien, and denying plaintiff's cross motion to amend the complaint so as to correct the alleged filing date of the mechanic's lien, unanimously reversed, on the law, with costs, the motion to dismiss the foreclosure cause of action denied, and the cross motion to amend the complaint granted. Appeal from the July 5, 2007 order unanimously dismissed, without costs, as superseded by the appeal from the June 3, 2008 order.

Plaintiff filed a mechanic's lien on April 4, 2006 and commenced an action on that lien on May 11, 2006. After learning that service of the lien was not compliant with Lien Law § 11-b, plaintiff discontinued the action on May 30, 2006 and filed a release of the lien on June 23, 2006. Meanwhile, on May 22, 2006, plaintiff filed a second lien, differing from the April 4 lien only in that it covered 10 lots instead of 13, and, on May 24, commenced the instant action, which was served on defendants

via the Secretary of State on June 22, 2006. However, the complaint, while correctly alleging the three fewer lots identified in the May 22 lien, inadvertently incorporated without revision the paragraph of the first complaint alleging an April 4, 2006 filing date for the lien. Plaintiff apparently did not learn of this mistake until the end of May 2007, when defendants moved to dismiss the action on the ground that it was not commenced within a year of April 4, 2006 (Lien Law § 17). It further appears that on May 31, 2006, plaintiff's attorney, responding to any inquiry from defendants' attorney about the filing of a second lien, advised defendant's attorney, both orally and in writing, that the April 4 lien had not been served properly and would be released. On October 2, 2006, plaintiff filed a notice of pendency containing a description of the affected property identical to that in the May 22 lien, and stating that the action was one to foreclose on a mechanic's lien filed on May 22, 2006.

We reject the motion court's holding that because the April 4 lien was still pending when the instant action was commenced and because the minor differences between the two complaints would not have put defendants on notice that plaintiff was seeking foreclosure of the May 22 lien, the proposed amendment "is not a mere technicality" but rather an improper attempt to benefit from the relation back doctrine under CPLR 203 (f). The amendment should have been allowed where the complaint substantially complies with the notice requirements of Lien Law § 17 (*see* Lien Law § 23), and defendants do not show, or even claim, prejudice or surprise as a result of the mistaken allegation concerning the date of the lien's filing (*see* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755 [1983]). As plaintiff does not seek to add a new cause of action, the relation back doctrine does not apply (*see Drwal v 101 Ltd. Partnership*, 271 AD2d 227 [2000]). Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.