■ NOUVEAU ELEVATOR INDUSTRIES, INC., Appellant, v TRACEY TOWERS HOUSING Co., Also Known as TRACY TOWERS, Co., INC., et al., Respondents, et al., Defendants. [944 NYS2d 119]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 9, 2011, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for a default judgment, granted defendants-respondents' cross motion to compel plaintiff to accept their answer, and granted defendants-respondents R.Y. Management Co., Inc. and Leon D. DeMatteis Construction Corp.'s motion to dismiss the complaint as against them, unanimously modified, on the law, to the extent of granting plaintiff's motion for a default judgment in the sum of

$2,314,955.43 as against defendant-respondent Tracey Towers Housing Co., Inc. on all causes of action, and as against defendants-respondents Tracey Towers Associates and Leon D. DeMatteis Construction Corp. on the fourth cause of action, denying the cross motion to compel plaintiffs to accept defendants-respondents' answer, denying respondents R.Y. Management Co., Inc. and Leon D. DeMatteis Construction Corp.'s motion to dismiss the complaint as against them, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly in favor of plaintiff against Tracey Towers Housing Co., Inc., Tracey Towers Associates and Leon D. DeMatteis Construction Corp.

Plaintiff demonstrated entitlement to a default judgment on the first cause of action for account stated as against Tracey Towers Housing Co. by submitting proof of service, proof of default, and proof that it presented Tracey Towers Co. with an account balance of $2,314,955.43 without objection (*see* CPLR 306, 3215; *Gurney, Becker & Bourne v Benderson Dev. Co.*, 47 NY2d 995, 996 [1979]; *Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153-156 [1975]; *Public Broadcast Mktg. v Trustees of Univ. of Pa.*, 216 AD2d 103 [1995]). Plaintiff is also entitled to that sum as against Tracey Towers Housing Co. by virtue of the third cause of action for breach of the parties' December 3, 2008 agreement, and failure to pay for goods and services rendered thereafter.

Plaintiff also demonstrated a meritorious claim as against Tracey Towers Housing Co. for $2,314,955.43, pursuant to CPLR 3016 (f), by submitting the itemized schedule detailing their entitlement thereto, along with the verified complaint explaining the validity thereof and alleging failure to pay for those goods and services (*see Merrill/New York Co. v Celerity Sys.*, 300 AD2d 206 [2002]; *Marinelli v Shifrin*, 260 AD2d 227 [1999]).

Plaintiff also established its entitlement to foreclosure of the mechanic's liens as against Tracey Towers Co., Tracey Towers Associates, and Leon D. DeMatteis Construction Corp., each of which is alleged by the verified complaint to have an ownership interest in the subject properties. Plaintiff commenced this action within one year of filing the liens, and submitted documentary evidence, including the service contract, the invoices, and the settlement letter, showing that it was hired by Tracey Towers Housing Co. to service the properties' elevators, but was not fully paid for its work (*see* Lien Law §§ 3, 19 [2]; §§ 24, 41; *First Sealord Sur., Inc. v Vesta 24 LLC*, 55 AD3d 423 [2008]; *240-35 Assoc. v Major Bldrs. Corp.*, 234 AD2d 234 [1996]).

Supreme Court should have denied respondents' cross motion to compel plaintiff to accept their untimely answer because they failed to show a reasonable excuse for defaulting (CPLR 3012 [d]). The summons and complaint were served on May 29, 2009, and to avoid defaulting, defendants were required to appear no later than June 29, 2009 (see CPLR 311 [a], 320 [a]; General Construction Law § 25-a [1]). Thus, any reasonable excuse for defaulting must have occurred before June 29, 2009 (see McGuire v Cousar Painting Co., 282 AD2d 906 [2001]). The record belies defendants' contentions that any settlement negotiations occurred before June 29, 2009, and, thus, defendants failed to offer a reasonable excuse for defaulting (see Collier, Cohen, Crystal & Bock v Fisher, 206 AD2d 260 [1994]). This default also warrants denial of defendants R.Y. Management Co., Inc. and Leon D. DeMatteis Construction Corp.'s untimely motion to dismiss (see CPLR 3211 [e]). Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ.