*804 As the plaintiff correctly contends, the Supreme Court erred in accepting an untimely, pro se answer from the defendant corporation, and in thereby denying that branch of the plaintiffs motion which was for leave to enter a default judgment on the complaint. The proffered answer was a nullity, since a corporation must be represented by an attorney and cannot proceed pro se (see CPLR 321 [a]; Pisciotta v Lifestyle Designs, Inc., 62 AD3d 850, 853 [2009]; Bilello v Genesis Seafood, Inc., 12 AD3d 474 [2004]; World on Columbus v L.C.K. Rest. Group, 260 AD2d 323, 324 [1999]). Since the plaintiff’s submissions on the motion established each of her claims prima facie (see Nouveau El. Indus., Inc. v Tracey Towers Hous. Co., 95 AD3d 616 [2012]), that branch of her motion which was for leave to enter a default judgment on the complaint should have been granted. We therefore remit the matter to the Supreme Court, Westchester County, inter alia, for an inquest to determine the amount of damages, if any, to which the plaintiff is entitled on her fourth cause of action to recover consequential damages, and for the entry of an appropriate judgment thereafter. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.