■ COLONY INSURANCE COMPANY, Respondent, v DANICA GROUP, LLC, Appellant, and ZURICH AMERICAN INSURANCE COMPANY et al., Intervenors-Appellants. NEW YORK MARINE AND GENERAL INSURANCE COMPANY, Proposed Intervenor-Appellant. [984 NYS2d 2]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered March 27, 2013, which granted plaintiff's motion for leave to renew its motion to enter a default judgment against defendant as to liability to the extent of deeming the factual allegations of the complaint admitted and setting the matter down for an inquest upon completion of discovery, and denied defendant's cross motion to dismiss the complaint or for an extension of time to answer; order, same court and Justice, entered September 27, 2013, which denied defendant's motion to vacate its default in answering and to dismiss the complaint; and order, same court and Justice, entered September 30, 2013, which

denied defendants-intervenors' motion to renew the motions decided by the March 27, 2013 order, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered October 9, 2013, which denied proposed intervenor's motion to intervene, unanimously dismissed, without costs, as moot.

Defendant failed to demonstrate a reasonable excuse for its failure to timely answer the complaint (CPLR 5015 [a] [1]) in support of its motion to vacate the default judgment deeming admitted the factual allegations in the complaint that it made material misrepresentations in its application for insurance that induced plaintiff to issue policies that it would not otherwise have issued. The record belies defendant's contention that plaintiff's conduct lulled it into not responding (*see e.g. Nouveau El. Indus., Inc. v Tracey Towers Hous. Co.*, 95 AD3d 616, 618 [1st Dept 2012]; *Collier, Cohen, Crystal & Bock v Fisher*, 206 AD2d 260 [1st Dept 1994]). Absent a reasonable excuse for its default, we need not decide whether defendant demonstrated a potentially meritorious defense (*Buro Happold Consulting Engrs., PC. v RMJM*, 107 AD3d 602 [1st Dept 2013]).

The new evidence cited by defendants-intervenors in their motion to renew does not provide a basis for changing the original determination granting the default judgment. Rather, it provides a potential equitable defense against plaintiff's action to rescind the insurance policies based on defendant's material misrepresentations, which defense can be raised, along with all other equitable defenses against rescission, in the proceedings that are continuing before the motion court. Although the default judgment ruling precludes further argument as to whether plaintiff properly pleaded or could sustain its claim of material misrepresentations, this is a reasonable consequence of defendant's unexcused default, and does not unfairly prejudice the rights of defendants-intervenors, who, as indicated, may raise equitable defenses to the rescission claim and may seek a remedy against defendant if rescission is granted and they suffer damage as a result.

Although proposed intervenor's motion to intervene should have been granted, its appeal from the order that denied the motion has been rendered moot by the fact that its coverage action has been consolidated with the rescission action, and thus it will have the opportunity to be heard on those claims. Concur—Saxe, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.