THOMAS HITCHCOCK et al., Respondents, et al., Plaintiff, v JOHN ROURKE et al., Appellants. [12 NYS3d 645]—

Devine, J. Appeal from an order of the Supreme Court (Buchanan, J.), entered October 11, 2013 in Essex County, which denied defendants' cross motion to dismiss the complaint.

This action is the latest in litigation that has spanned several decades regarding the rights of residents of the Tiroga Point (also known as Black Point) neighborhood to gain access to a beach on Lake George (*see generally Hitchcock v Abbott*, 9 AD3d 563, 564 [2004]; *Hitchcock v Boyack*, 277 AD2d 557, 557 [2000]; *Hitchcock v Boyack*, 256 AD2d 842, 843 [1998]). Plaintiffs' claims in their prior actions concerned their right to use a roadway running across several parcels of land to reach the beach. Supreme Court (Krogmann, J.) executed a judgment in 2009 determining that plaintiffs were precluded from asserting easement rights to that part of the roadway running across four parcels of real property. In that same judgment, the court confirmed plaintiffs' continued right to use a 50-foot stretch of the beach accessed by the roadway.

Plaintiffs assert that, notwithstanding their lack of rights to cross the four parcels, they have continually accessed the beach by using a portion of the roadway running across a fifth parcel to the north. Defendants purchased that parcel in 2011 and, shortly thereafter, began obstructing access to the roadway. Plaintiffs responded by commencing this action seeking to permanently enjoin defendants from interfering with their right-of-way to the beach, a judicial declaration of their rights to use the roadway easement and money damages. Following joinder of issue, plaintiffs moved by order to show cause for a temporary restraining order and preliminary injunctive relief, which Supreme Court granted. In a separate order, the court denied defendants' cross motion to dismiss the complaint on various grounds. Defendants now appeal from the order denying their cross motion.

We affirm. Defendants argue that the doctrine of res judicata bars the present action, pointing to the holding in the 2009 judgment that plaintiffs enjoyed no easement rights over the four southernmost parcels. It is well settled that res judicata prevents a party or those in privity from relitigating "a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]; *see Matter of Bemis v Town of Crown Point*, 121 AD3d 1448, 1450 [2014]; *Evergreen Bank v Dashnaw*, 246 AD2d 814, 815 [1998]). Where a claim is finally decided, "all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). As defendants correctly assert, res judicata "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d at 269; *see Rowley, Forrest, O'Donnell & Beaumont, P.C. v Beechnut Nutrition Corp.*, 55 AD3d 982, 984 [2008]; *Kinsman v Turetsky*, 21 AD3d 1246, 1246-1247 [2005], *lv denied* 6 NY3d 702 [2005]) and serves "to provide finality in the resolution of disputes" (*Matter of Reilly v Reid*, 45 NY2d 24, 28 [1978]).

Following the joinder of all necessary parties having an interest in the roadway and beach easements in the prior action, including defendants' predecessor in title, the 2009 judgment provided that all claims regarding access rights over the four southernmost parcels that plaintiffs "may or could in any manner possess whether legal or equitable [and] whether asserted or capable of being asserted" were "dismissed, waived, released, terminated and declared to be null and void, with prejudice."

The judgment is silent, however, with respect to any easement rights that plaintiffs may have over the fifth parcel. This is not surprising, as the action that led to the 2009 judgment only sought a determination as to what rights plaintiffs had to use the roadway as it traversed the four southernmost parcels. Under those circumstances, the 2009 judgment may not be interpreted as also extinguishing any rights that plaintiffs had to traverse the fifth parcel (*see Menucha of Nyack, LLC v Fisher*, 110 AD3d 1037, 1041 [2013]).

As to the theory that any claim regarding access to the roadway over the fifth parcel was barred because it could have been raised at the time of the 2009 judgment, plaintiffs assert that there was never a dispute between them and defendants' predecessor in title and that she never interfered with their use of the roadway. At the time of the 2009 judgment, in other words, there was no justiciable controversy between plaintiffs and defendants' predecessor in title to resolve (*see Chanos v MADAC, LLC*, 74 AD3d 1007, 1008 [2010]; *Downe v Rothman*, 215 AD2d 716, 717 [1995]). Thus, because "facts essential to the current claim[s] had not occurred" at the time of the 2009 judgment, the present claims are not barred by res judicata (*O'Connor v Demarest*, 74 AD3d 1522, 1524 [2010]; *see generally Matter of Reilly v Reid*, 45 NY2d at 28-29; *compare Sterrer v Calestine*, 89 AD2d 601, 601-602 [1982], *affd* 57 NY2d 1030 [1982]).

Defendants also contend that plaintiffs failed to join all necessary parties to the action, an argument that, contrary to plaintiffs' contention, is one that may be raised at any time (*see City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475 [1979]; *Matter of Estate of Prospect v New York State Teachers' Retirement Sys.*, 13 AD3d 699, 700 [2004]). CPLR 1001 (a) requires that "[p]ersons who . . . might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." Here, there are 12 captioned plaintiffs who, between them, own six parcels in Tiroga Point, while defendants own the lone parcel over which they claim the beach access easement. Plaintiffs' claims regarding similar easement rights over the other four parcels comprising the roadway were denied in the 2009 judgment, however, and defendants have not identified with any specificity a nonparty to this action upon whom a judgment regarding the part of the roadway traversing the fifth parcel may have some adverse effect. As a result, "the questions of whether there are any other necessary parties who should be joined in this action and, if so, the appropriate procedural disposition for effecting joinder should not

be determined by this [C]ourt in the first instance" (*De Ruscio v Jackson*, 164 AD2d 684, 688 [1991]; *see Colpitts v Cascade Val. Land Corp.*, 145 AD2d 750, 752 [1988]).

Finally, because no appeal was taken from the supplemental order granting plaintiffs a preliminary injunction, defendants' arguments in opposition to said injunction are not properly before us (*see Matter of 171 Sterling, LLC v Stone Arts, Inc.*, 66 AD3d 688, 688 [2009]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the order is affirmed, with costs.