OPINION OF THE COURT
Walter J. Relihan, Jr., J.
Two men, proceeding pro se, seek to compel the City Clerk to issue a marriage license to them. The application, while inexact, approximates an action for a declaratory judgment (CPLR 3001) or a special proceeding under CPLR article 78, in the nature of mandamus. Whatever the niceties of pleading, the defendant / respondent has been given adequate notice of the issues and, accordingly, we turn to the merits (Siegel, NY Prac § 563, at 884 [2d ed]).
The right to marry, by opposite sex couples, is protected under the 14th Amendment as a matter of substantive due process of law (Zablocki v Redhail, 434 US 374). Same sex mar *899 riage, by contrast, is not presently recognized under the laws of any State of the Union. However, the Supreme Court of Hawaii has held, under equal protection provisions of the Hawaii Constitution, that the refusal of same sex marriage can only be justified by a compelling State interest (Baehr v Lewis, 74 Haw 645, 852 P2d 44). The nature of that interest is now under examination by a lower court. A final resolution of the issue in Hawaii awaits that review and, possibly, a further appeal to the State’s highest court.
The question has not reached the New. York Court of Appeals. However, the Appellate Division in the Second Department has concluded that only a rational relation need be shown between a similar classification and a legitimate State purpose (Matter of Cooper, 187 AD2d 128, appeal dismissed 82 NY2d 801). Concededly, the precise point at issue was whether the term "surviving spouse”, as used in the EPTL, extends to the survivor of a homosexual life partnership. It is clear, nevertheless, that the ratio decidendi forged by the Court includes holdings that marriage, in this State, is limited to opposite sex couples and that the gender classification serves a valid public purpose.
Further, the Court held that neither the Due Process nor the Equal Protection Clause of the 14th Amendment is offended by New York’s gender classification of persons authorized to marry (supra, at 134, citing with approval Baker v Nelson, 291 Minn 310, 191 NW2d 185, appeal dismissed 409 US 810). Needless to add, we are bound by the ruling of the Second Department in the absence of any contrary holding by the Appellate Division in this Department (Mountain View Coach Lines v Storms, 102 AD2d 663, 664).
The plaintiff/petitioners also assert a privacy right (cf., Gris-wold v Connecticut, 381 US 479, 485) to be free of governmental interference in a domestic relationship which, they contend, has no significant adverse effect upon the public at large. Matter of Cooper (supra) did not expressly consider that question. Arguably, the sovereign has no legitimate purpose in prohibiting a mere exchange of personal commitments (not involving the conduct issue present in Bowers v Hardwick, 478 US 186) between members of the same sex.
The argument is not without merit. Nevertheless, it would be a very long inferential leap, from this narrow premise, to the conclusion that a denial of a marriage license to a same sex couple destroys a fundamental right so implicit in our understanding of ordered liberty that neither justice nor liberty would exist if it were sacrificed.
*900 The long tradition of marriage, understood as the union of male and female, testifies to a contrary political, cultural, religious and legal consensus. The Court of Appeals has acknowledged the broad authority of the Legislature "to set standards and procedures to control such a basic institution as marriage” and, hence, to refuse recognition to common-law marriages between opposite sex couples (People v Allen, 27 NY2d 108, 113). The United States Supreme Court also has recognized that "reasonable regulations” may be applied by the States to opposite sex marriage (Zablocki v Redhail, supra, at 386) and, indeed, such rules (viz., health, age, etc.) are commonly encountered. Clearly, rights to the perquisites of the marital estate are not absolute.
Conceivably, a new consensus may emerge which the Legislatures of the several States will see fit to recognize. Future legislation, perhaps, will authorize civil contracts in which same sex life partners will enjoy the right of survivor-ship as well as social insurance benefits now becoming available from private and public employers. In the absence of such legislation, to borrow a page from the United States Court of Appeals for the Second Circuit, "We * * * decline the plaintiffs’ invitation to identify a new fundamental right, in the absence of a clear direction from the Court whose precedents we are bound to follow” (Quill v Vacco, 80 F3d 716, 725). In our case, of course, that sentiment must be enlarged to include the appellate tribunals of this State.
We conclude that New York does not recognize or authorize same sex marriage and that the City Clerk correctly refused to issue the license. Accordingly, the petition is denied in respect to article 78 relief. We have considered the procedural points raised by the defendant but see no sufficient reason to refuse a declaration of the rights and relations of the parties. The City Attorney will submit a declaratory judgment which reflects these determinations.