■ KATHLEEN E. BUCKLEY, Appellant, v JOHN E. MACDONALD, JR., et al., Respondents. [647 NYS2d 812] —In an action to extinguish the defendants' easement over the plaintiff's property, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), dated August 11, 1993, which, upon a submission of the controversy pursuant to CPLR 3222, dismissed the action, without prejudice, for the plaintiff's failure to join a necessary party.

Ordered that the order is affirmed, with costs.

This action involves the relocation of a driveway on the plaintiff's property over which the defendants hold an easement. The plaintiff's predecessors in interest, William and Anna Bentley, purchased the plaintiff's two "lower" parcels of the Ruff farm from Wilhelmena Ruff. Ruff retained title to a 50-foot wide strip of land which ran in a northerly direction, separating the plaintiff's two parcels, as well as land to the north of the Bentleys' purchase. This strip of land provided a means of ingress and egress to Ruff's remaining property. Ruff granted Bentley an easement over this strip of land. Subsequently, Bentley conveyed these lower parcels and the easement that ran with them to the plaintiff.

William and Mary Schuerman purchased the upper and middle portions of the remaining property from Ruff, as well as the 50-foot wide strip. The Schuermans then conveyed the upper portion to the defendants, with an easement over the 50-foot wide strip of land. Thereafter, the Schuermans conveyed the middle portion of the land plus the 50-foot wide strip to

D.J. Keller. Keller conveyed title to the 50-foot wide strip to the plaintiff, and Keller and the plaintiff agreed to relocate the driveway to a different portion of both Keller's and the plaintiff's properties. Subsequently, the Keller property changed hands several times, and a new road was constructed. Eventually, Cranberry Hills Associates (hereinafter Cranberry) acquired title to the middle parcel.

In this action, the plaintiff seeks to prevent the defendants from using the old driveway, since the terms of the defendants' easement indicate that the easement would exist only "until such time as an equal or better driveway or public road becomes available". The defendants opposed, claiming that the new road was inferior, and that Cranberry, the current owner of the middle parcel upon whose land the new road was constructed, was a necessary party to the action. We agree with the Supreme Court that the plaintiff should have named Cranberry, across whose land the new road is constructed, as a party to the action. A judgment favorable to the plaintiff would require the defendants to travel across a road on a portion of Cranberry's land, which was not included in the defendants' easement. Since this judgment would necessarily affect Cranberry's interests in its real property, it should have been named as a party and the Supreme Court properly dismissed the action, without prejudice (see, RPAPL 1511; CPLR 1001, 1003).

The plaintiff's remaining arguments are without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.