■ In the Matter of PHILLIP STORRS et al., Appellants, v JULIE HOLCOMB, as Ithaca City Clerk, Respondent. [666 NYS2d 835] —Spain, J. Appeal (transferred to this Court by order of the Court of Appeals) from a judgment of the Supreme Court (Relihan, Jr., J.), entered July 22, 1996 in Tompkins County, which, *inter alia*, dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and an action for a declaratory judgment, to review a determination of respondent denying petitioners' request for a marriage license.

Petitioners, both males, applied for a marriage license at the office of the City Clerk in the City of Ithaca, Tompkins County, on May 18, 1995. Respondent, citing an existing directive from the State Department of Health (hereinafter DOH), informed them that she could not issue a marriage license to two persons of the same sex. However, the parties were eventually allowed to complete a marriage license application and to post the requisite fee, both of which were held in abeyance pending a final decision. Thereafter, respondent received a letter and memorandum from DOH confirming that she was not authorized to issue marriage licenses to same-sex couples because they cannot be legally married. In December 1995 the Mayor of Ithaca issued a statement expressing his and the City Council's support of the right of same-sex couples to marry; however, he declared that the City could not at that time issue petitioners a marriage license because of the DOH directive. As a result of this decision, respondent returned the license application fee to petitioners on December 12, 1995.

Petitioners then commenced a combined CPLR article 78 proceeding/declaratory judgment action against respondent and the State seeking to compel respondent to issue them a marriage license. In an amended complaint/petition, petitioners dropped the State as a party. Petitioners sought to compel respondent to issue them a marriage license, or in the alternative, to reconsider their application without the constraints of the DOH directive, alleging that the same-sex marriage ban violated their constitutional rights. Supreme Court notified the Attorney-General's office of the constitutional challenge by letter dated May 2, 1996 (see, CPLR 1012 [b]); however, the Assistant Solicitor General responded that his office would not participate in the proceedings. Supreme Court never ordered that DOH be joined as a necessary party. Without addressing the constitutional issues, respondent moved to dismiss on several procedural grounds including petitioners' failure to join DOH as a necessary party. Supreme Court, without addressing the necessary party issue, upheld respondent's denial of petitioners' marriage license application on the merits, finding that the same-sex marriage ban did not violate petitioners' constitutional rights. Petitioners appeal.*

In our view, Supreme Court should have dismissed the

* Although respondent has not filed an appeal, she asserts that Supreme Court erred by reaching the merits and not dismissing on one or all of the procedural grounds raised in her motion to dismiss. As to respondent's assertion that Supreme Court should have granted her motion to dismiss based upon petitioners' failure to join a necessary party, we note that even though respondent has not appealed, the absence of a necessary party may be raised

action/proceeding without prejudice because petitioners failed to join DOH, a necessary party (*see*, CPLR 1003). Under CPLR 1001 (a), parties who ought to be joined in a proceeding or action are divided into two categories: (1) those who ought to be joined if complete relief is to be accorded those who are already parties; and (2) those who might in some way be inequitably affected by the judgment (*see*, *Matter of Sandor v Nyquist*, 45 AD2d 122, 123-124). CPLR 1001 (b) directs that any party who should be joined pursuant to subdivision (a) and is subject to the jurisdiction of the court, be named and joined by the court. CPLR 1003 allows for the dismissal of an action without prejudice for the nonjoinder of a necessary party.

A nonjoined party may be inequitably affected or prejudiced in several ways; for example, this Court has held that the dismissal of a petition was warranted where the nonjoined Commissioner of Labor would be inequitably affected by a judgment in a proceeding aimed at preventing his enforcement of the collection of penalties he had imposed (*see*, *Matter of Dawn Joy Fashions v Commissioner of Labor of State of N. Y.*, 181 AD2d 968, 969). In contrast, a dismissal was not warranted in a case where the interests of the named respondent, State Education Department, and the nonjoined party, New York City Board of Education, " 'stand or fall together' * * * thereby diminishing any potential prejudice" to the nonjoined party, the board of education (*Matter of Awad v State Educ. Dept.*, 240 AD2d 923, 925, quoting *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716; *see also*, *Sandor v Nyquist, supra*). Moreover, where a matter cannot be fully determined without the joinder of a necessary party, dismissal is appropriate (*see*, *Fila v Angiolillo*, 88 AD2d 693, 693-694, *lv denied* 57 NY2d 609).

Although the statute governing the issuance of marriage licenses outside New York City is silent with respect to same-sex marriages (*see*, Domestic Relations Law § 13), "[t]he registration and recording of all marriages outside the city of New York shall be under the supervision of the state commissioner of health" (Domestic Relations Law § 23); and the commissioner has the statutory authority to promulgate rules and regulations pursuant to this section (*see*, *id.*). In apparent pursuance of this authority, DOH has asserted its position regarding, *inter alia*, same-sex marriages in its opinions and directives to local municipalities and respondent relied solely on these opinions and directives in denying petitioners a mar-

at any stage of the proceeding by any party (*see*, CPLR 1003; *Wrobel v La Ware*, 229 AD2d 861).

riage license. In our view, petitioners are essentially challenging the authority of DOH to issue such directives, the validity of those directives and its authority over the issuance of marriage licenses.

We therefore conclude that DOH was a necessary party to this action/proceeding. Without the involvement of DOH, there is no true adversarial proceeding as respondent and the City of Ithaca officially support the right of same-sex couples to marry and have not opposed petitioners' claim on the merits. Consequently, DOH's interests do not "stand or fall" with respondent's interests, and will not be adequately safeguarded in this proceeding (see, Matter of Awad v State Educ. Dept., supra, at 925). Moreover, respondent has no authority to compel DOH to act (see, Sandor v Nyquist, 45 AD2d 122, supra). Furthermore, since a DOH directive is really at issue, an adverse judgment might inequitably affect the ability of DOH to enforce many of the directives it has promulgated (see, Matter of Dawn Joy Fashions v Commissioner of Labor of State of N. Y., supra, at 969); it can easily be said that DOH has a "material interest in the subject matter" (Joanne S. v Carey, 115 AD2d 4, 7).

In light of the foregoing, respondent's remaining procedural arguments and petitioners' contentions on the merits need not be addressed.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the combined CPLR article 78 proceeding and declaratory judgment action is dismissed, without costs. [See, 168 Misc 2d 898.]