■ RICHARD E. HITCHCOCK et al., Appellants, v HENRY R. BOYACK et al., Defendants, and ARTHUR SECOR et al., Respon-

dents. [681 NYS2d 659] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered September 5, 1997 in Washington County, which, in an action pursuant to RPAPL article 15, granted a motion by defendants Arthur Secor and Lucile Secor to dismiss the supplemental complaint for failure to join necessary parties.

This appeal involves a property dispute concerning the use of a certain roadway leading from the Village of Ticonderoga, Essex County, to Black Point (now known as Tiroga Point) on Lake George and the use of a beach known as the Black Point Sand Beach. The easements governing the use of the roadway and beach were established by George Weed, who owned property in Black Point comprised of 255 acres in the Town of Putnam, Washington County, and 78 acres in the Town of Ticonderoga, Essex County. Following Weed's death in 1902, the property was subdivided and conveyed to various purchasers subject to rights and restrictions relating to use of the roadway and beach. In February 1981, defendants Henry R. Boyack, June Boyack and William Boyack acquired their property from Judson Morhouse and Marguerite Morhouse. The Morhouses acquired the property from Lewis Rising and Fleda Rising who obtained title to the 78-acre parcel from the Weed estate.

Plaintiff Richard E. Hitchcock (hereinafter plaintiff) and his wife, Jane Hitchcock, acquired property on Black Point in October 1956 from Tiroga Realty, Inc. The chain of title to their property also dated back to the Weed estate. The deed specifically granted various easements to the Hitchcocks. In November 1982, the Hitchcocks conveyed the property to their children reserving to themselves a life estate and a one tenth undivided interest in the premises.

In February 1996, plaintiff commenced this action on behalf of himself and others similarly situated against the Boyacks alleging, *inter alia*, that they were interfering with the use of the roadway and access to the beach. Plaintiffs maintained that the right to use the roadway and beach was established by the exceptions and reservations contained in the deeds emanating from the Weed estate. In their answer to the complaint, the Boyacks asserted various affirmative defenses, including that the complaint be dismissed for failure to name necessary parties. Plaintiffs subsequently moved for leave to add Robert Stefanic, Edda Stefanic, Arthur Secor and Lucile Secor, owners of property adjacent to the Boyacks' property, as defendants in the action. Following Supreme Court's grant of the motion, plaintiffs served a supplemental complaint adding them as party defendants. The Stefanics served an answer to

the supplemental complaint and the Secors moved to dismiss it upon various grounds including that plaintiffs had failed to name all necessary parties. Supreme Court granted the Secor's motion and dismissed the supplemental complaint on the basis, *inter alia*, that plaintiffs had failed to join all successors in interest to the property originally owned by the Risings as well as plaintiff's wife as parties to the action. This appeal ensued.

We affirm. CPLR 1001 (a) provides that necessary parties include those "who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action". As to the latter requirement, "[t]he possibility that a judgment rendered without [the omitted party] could have an adverse practical effect [on that party] is enough to indicate joinder" (Siegel, NY Prac § 132, at 199 [2d ed]). "A principal reason for compulsory joinder of parties is 'to protect nonparties whose rights should not be jeopardized if they have a material interest in the subject matter'" (*Matter of Llana v Town of Pittstown*, 234 AD2d 881, 883-884, quoting *Joanne S. v Carey*, 115 AD2d 4, 7).

In the instant case, the record does not plainly delineate the history of all of the conveyances of property originating from the Weed estate or the rights and restrictions which attach thereto. Nevertheless, it is clear that certain property was conveyed out of the Weed estate with the right to use the roadway and beach while other property was conveyed subject to these restrictions. Plaintiffs have not identified all of the property owners who presently enjoy the right to use the roadway and beach nor those owners whose property is subject to these restrictions. Notably, they rely upon specific language set forth in a 1924 deed from the Weed estate to the Risings to establish their rights of use of the roadway and beach. Inasmuch as other property owners not currently named in the action may be either beneficially or adversely affected by the outcome of litigation construing this language, we conclude that Supreme Court properly dismissed the supplemental complaint for failure to name all necessary parties (*see*, CPLR 1003; *Buckley v MacDonald*, 231 AD2d 599, 600; *Teeple Farms v LaValley*, 162 AD2d 976).

We further note that, under these circumstances, Supreme Court did not abuse its discretion in not entering a conditional order of dismissal allowing plaintiff a reasonable time to join all necessary parties within a certain time period. Plaintiff, however, is not precluded from recommencing the action in the proper manner naming all necessary parties. We have consid-

ered plaintiffs' remaining claims and find them to be without merit.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.