■ In the Matter of PRINCESS BUILDING CORP., Appellant, v ZONING BOARD OF APPEALS OF TOWN OF HUNTINGTON et al., Respondents. [763 NYS2d 660] —In a proceeding pursuant to CPLR article 78 to annul a determination of the Zoning Board of Appeals of the Town of Huntington dated January 3, 2002, which, after a hearing, denied the petitioner's application for a building permit, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered September 27, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioner applied to the Town of Huntington Building Department for a building permit to construct a one-family dwelling on a parcel of property in East Northport, which is located in the Town of Huntington. The permit application was denied and the petitioner appealed to the respondent Zoning Board of Appeals of the Town of Huntington (hereinafter the ZBA). The ZBA denied the appeal, finding, inter alia, that the subject lot had been merged by use and by operation of law with an adjoining lot pursuant to Huntington Town Code § 198-118 (F) at a time when both lots were commonly owned. The petitioner commenced this proceeding to annul the determination of the ZBA. The Supreme Court denied the petition and dismissed the proceeding, finding that the owners of the adjoining lot were necessary parties and that the petitioner proffered no excuse for failing to join them.

We agree with the ZBA that the subject lot and the adjoining lot merged on February 4, 1954, when the Town issued a certificate of occupancy for a second dwelling on the adjoining lot, since the record demonstrates that the 1954 Zoning Code required 60 feet of frontage for the two-family dwelling and the adjoining lot has only 50 feet of frontage. Accordingly, any decision regarding the status of the subject lot would significantly affect the owners of the adjoining lot and the Supreme Court would have to consider their interests in settling the controversy (*see Matter of Baker v Town of Roxbury*, 220 AD2d 961

[1995]). Since the petitioner failed to join the owners of the adjoining lot in the proceeding, the Supreme Court properly denied the petition and dismissed the proceeding (*see* CPLR 1001). Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.