In the Matter of JIM LUDTKA SPORTING GOODS, INC., Respondent, v CITY OF BUFFALO SCHOOL DISTRICT et al., Appellants. [850 NYS2d 319]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered February 16, 2007 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination pursuant to which respondents awarded an exclusive contract for the supply of athletic apparel to AdPro Team Sports (AdPro), the successful bidder. Because petitioner has failed to name AdPro as a respondent, we reverse and dismiss the petition. "[T]he court may at any stage of a case and on its own motion determine whether there is a nonjoinder of necessary parties" (*Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d

272, 282 [1974]; *see City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475 [1979]; *Matter of Dyno v Rose*, 260 AD2d 694, 696-697 [1999], *appeal dismissed* 93 NY2d 998 [1999], *lv denied* 94 NY2d 753 [1999]). We conclude that AdPro is a necessary party, inasmuch as there is no question that the relief sought, i.e., nullification of its contract with respondents, would inequitably affect its rights (*see* CPLR 1001 [a]; *Matter of Boston Culinary Group, Inc. v New York State Olympic Regional Dev. Auth.*, 18 AD3d 1103, 1104 [2005], *lv denied* 5 NY3d 712 [2005]; *Matter of Utica Sheet Metal Corp. v County of Tompkins*, 40 AD2d 567 [1972]). In considering the factors enumerated in CPLR 1001 (b) to determine whether the nonjoinder of AdPro may be excused, we further conclude that dismissal is warranted because petitioner offered no excuse for failing to name AdPro at the outset (*see Matter of Spence v Cahill*, 300 AD2d 992 [2002], *lv denied* 1 NY3d 508 [2004]; *Matter of Bianchi v Town of Greece Planning Bd.*, 300 AD2d 1043, 1044 [2002]), petitioner could have avoided any prejudice to AdPro by naming AdPro as a respondent at the outset (*see Matter of Llana v Town of Pittstown*, 245 AD2d 968, 969 [1997], *lv denied* 91 NY2d 812 [1998]), the interests of respondent school district and AdPro are not clearly united (*cf. Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 594 [2005]) and, as noted, AdPro's contract rights would be adversely affected should the relief sought by petitioner be granted.

In light of our decision herein, we do not address respondents' remaining contentions. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.