■ THERESA CENSI et al., Appellants, v COVE LANDINGS, INC., et al., Respondents. [885 NYS2d 359]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to a parcel of real property comprising a portion of Fish Cove Road in the Town of Southampton, the plaintiffs appeal, as limited by their notice of appeal and brief, from stated portions of an order of the Supreme Court, Suffolk County (Pines, J.), dated February 27, 2008, which, among other things, (1) denied those branches of their motion which were for summary judgment declaring that the defendants Cove Landings, Inc., Robert Stack, All Seasons Construction of the Hamptons, Inc., and Zarem Realty, Inc., had no right to use the portion of Fish Cove Road which abuts the tax lot owned by the plaintiffs David Censi, Barry Censi, and Lisa Censi up to the centerline of the road, declaring that those defendants had no right to use the remainder of the subject property for any purpose other than surface access to Noyack Road, permanently

enjoining those defendants from making any other use of the subject property, and permanently enjoining all of the defendants from making any claim of ownership over the subject property or from claiming that the Town of Southampton is the owner of the subject property, and (2), upon searching the record, awarded summary judgment to the defendant Town of Southampton declaring that Fish Cove Road had become a public highway pursuant to Highway Law § 189.

Ordered that the order is modified, on the law and the facts, (1) by deleting the third decretal paragraph thereof which, upon searching the record, awarded summary judgment to the Town of Southampton declaring that Fish Cove Road had become a public highway pursuant to Highway Law § 189, and (2) by deleting the reference to "Suffolk County Tax Map parcel no. 0900-060.00-03.00-012.001" in the second decretal paragraph thereof, and substituting therefor a reference to "Suffolk County Tax Map parcel no. 0900-060.00-03.00-012.004"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPLR 1001 in accordance herewith.

The plaintiffs and the defendants Robert Stack, All Seasons Construction of the Hamptons, Inc., and Zarem Realty, Inc. (hereinafter collectively the private defendants), are the owners of properties which abut Fish Cove Road in the defendant Town of Southampton. The plaintiffs claim to be the title owners of the portion of the road which lies between the private defendants' properties and the tax lot owned by the plaintiffs David Censi, Barry Censi, and Lisa Censi. The plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15, to determine all claims adverse to their claim of ownership, including the Town's claim that Fish Cove Road had become a public highway by usage pursuant to Highway Law § 189.

RPAPL 1511 (2) provides that, in an action such as this, "[w]here it appears to the court that a person not a party to the action may have an estate or interest in the real property which may in any manner be affected by the judgment, the court, upon application . . . of any party to the action, or on its own motion, may direct that such person be made a party." Necessary parties are persons "who might be inequitably affected by a judgment in the action" and must be made plaintiffs or defendants (see CPLR 1001 [a]). CPLR 1001 (b) requires the court to order such persons summoned, where they are subject to the court's jurisdiction. If jurisdiction over such necessary parties can be obtained only by their consent or appearance, the

court is to determine, in accordance with CPLR 1001 (b), whether justice requires that the action proceed in their absence (*see* CPLR 1001 [b]). The nonjoinder of necessary parties may be raised at any stage of the proceedings, by any party or by the court on its own motion, including for the first time on appeal (*see City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475 [1979]; *Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272, 282 [1974]; *Matter of Jim Ludtka Sporting Goods, Inc. v City of Buffalo School Dist.*, 48 AD3d 1103, 1103-1104 [2008]; *Matter of Storrs v Holcomb*, 245 AD2d 943, 944 n [1997]; *Wrobel v La Ware*, 229 AD2d 861 [1996]; *Matter of Dreyfuss v Board of Educ. of Union Free School Dist. No. 3, Town of Huntington*, 42 AD2d 845 [1973]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1003:1; *see also* CPLR 1003).

Here, the record indicates the possible existence of necessary parties who have not been joined, namely, the owners of the remainder of the roadbed of Fish Cove Road. Those parties' interests in real property may be affected by that portion of the Supreme Court's order which, upon searching the record, declared Fish Cove Road to be a public highway, and effectively granted the public an easement to pass over their lands (*see Sorbello v Birchez Assoc., LLC*, 61 AD3d 1225 [2009]; *Schaffer v Landolfo*, 27 AD3d 812 [2006]; *Dunkin Donuts of N.Y., Inc. v Mid-Valley Oil Co., Inc.*, 14 AD3d 590, 592 [2005]; *Matter of Princess Bldg. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 307 AD2d 972 [2003]; *Hitchcock v Boyack*, 256 AD2d 842, 844 [1998]; *Buckley v MacDonald*, 231 AD2d 599, 600 [1996]; *Matter of Lehrer v Wallace*, 24 AD2d 602, 603 [1965]). Thus, the court should not have made this determination upon searching the record without first determining whether all necessary parties were joined. Under the circumstances of this case, "the questions of whether there are any . . . necessary parties who should be joined in this action and, if so, the appropriate procedural disposition for effecting joinder should not be determined by this court in the first instance" (*De Ruscio v Jackson*, 164 AD2d 684, 688 [1991]). Accordingly, we remit the matter to the Supreme Court, Suffolk County, to hold a hearing to determine whether there are any necessary parties who should be joined in this action and, if so, to compel their joinder, subject to any affirmative defenses, and if joinder cannot be effectuated, to determine, pursuant to CPLR 1001 (b), whether the action should proceed in the absence of any necessary parties.

Undisputedly, as a result of a clerical error, the Supreme

Court's order refers, in the second decretal paragraph thereof, to "Suffolk County Map parcel no. 0900-060.00-03.00-012.001" rather than "Suffolk County Map parcel no. 0900-060.00-03.00-012.004." We correct this error pursuant to CPLR 5019.

The plaintiffs' argument that they were entitled to a final judgment in compliance with RPAPL 1521 is premature in light of our determination.

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Lott, JJ., concur. [*See* 18 Misc 3d 1142(A), 2008 NY Slip Op 50405(U).]