■ JOSEPH E. CALDERONE, Appellant, v HAROLD L. WIEMEIER, JR., Respondent. [911 NYS2d 190]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered August 27, 2009 in Chemung County, which, among other things, granted defendant's motion to compel joinder of a necessary party.

In 2003, plaintiff converted two life insurance policies into a single policy that names him as the insured and the Joseph E. Calderone Family Trust as its beneficiary and owner. Approximately five years later, plaintiff commenced this action alleging, among other things, that the policy was underperforming and that defendant, an insurance agent, had fraudulently induced him into consenting to the conversion. As relevant here, defendant moved to dismiss the complaint on the ground that plaintiff failed to join a necessary party—the trust. Although Supreme Court denied the motion to dismiss the complaint, it granted defendant's alternative motion to compel plaintiff to add the trust as a party plaintiff. Plaintiff appeals.

We affirm. Necessary parties are those who might be inequita-

bly affected by a judgment in the action or who ought to be parties if complete relief is to be accorded to the persons who are parties to the action (*see* CPLR 1001 [a]). Moreover, "[t]he primary reason for compulsory joinder of parties is to avoid multiplicity of actions and to protect nonparties whose rights should not be jeopardized if they have a material interest in the subject matter" (*Joanne S. v Carey*, 115 AD2d 4, 7 [1986]; *see Matter of Storrs v Holcomb*, 245 AD2d 943, 945-946 [1997]). Here, the complaint alleges that the policy "has not performed as represented by [defendant] . . . and is burning itself out." With the issue so framed, Supreme Court properly concluded that an ultimate ruling as to the potentially diminished value of the policy could inequitably affect the trust's interests (*see generally Town of Brookhaven v Chun Enters.*, 71 NY2d 953, 954 [1988]). Such a ruling—absent the trust's involvement here—might likewise subject defendant to further litigation regarding the same subject matter. Accordingly, Supreme Court's judgment should be affirmed.

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.