Miller v Wendy Joan St. Wecker Trust U/A Aug. 28, 1997 (2019 NY Slip Op 04933)





Miller v Wendy Joan St. Wecker Trust U/A Aug. 28, 1997


2019 NY Slip Op 04933


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-11254
 (Index No. 8147/13)

[*1]Jonathan Miller, et al., respondents,
v
Wendy Joan St. Wecker Trust U/A August 28, 1997, et al., defendants, Robert Cohen, appellant.


Moritt Hock & Hamroff LLP, Garden City, NY (Alexander D. Widell and Stephen J. Ginsberg of counsel), for appellant.
Salamon, Gruber, Blaymore & Strenger, P.C., Roslyn Heights, NY (Sanford Strenger of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a declaratory judgment, the defendant Robert Cohen appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered September 1, 2016. The order, insofar as appealed from, upon reargument, adhered to a prior determination of the same court in an order entered May 26, 2016, granting that branch of the prior motion of the plaintiffs which was for summary judgment dismissing the counterclaim of the defendant Robert Cohen for injunctive relief.
ORDERED that the order entered September 1, 2016, is reversed insofar as appealed from, on the law, with costs, upon reargument, the determination in the order dated May 26, 2016, granting that branch of the plaintiffs' motion which was for summary judgment dismissing the counterclaim of the defendant Robert Cohen for injunctive relief is vacated, that branch of the plaintiffs' motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPLR 1001 in accordance herewith.
The parties own neighboring properties in Old Westbury located on a parcel of land that was subdivided several decades ago. The closest public thoroughfare to these properties is Wheately Brookville Road, which runs along the northern end of the subdivision. The parties access Wheately Brookville Road by the use of two private roads known as Clock Tower Lane and Clock Tower Lane East—designated as Lots 50 and 134 on the Nassau County tax map—which meet in the middle of the subdivision.
The plaintiffs commenced this action against Robert Cohen and other defendants, seeking, inter alia, reimbursement for payments made to repair Clock Tower Lane East. Cohen interposed a counterclaim for injunctive relief, seeking to enjoin the plaintiffs from obstructing his access to Clock Tower Lane. He alleged that pursuant to his deed, he has an undivided interest as a tenant in common in Clock Tower Lane to allow him access to Wheatley Brookville Road. Cohen further alleged that the plaintiffs had violated his property rights by erecting a wall and planting bushes on Clock Tower Lane where it meets with Clock Tower Lane East, thereby preventing [*2]Cohen's ingress and egress to Wheatley Brookville Road from Clock Tower Lane. The plaintiffs moved, inter alia, for summary judgment dismissing Cohen's counterclaim. By order entered May 26, 2016, the Supreme Court granted the motion. Thereafter, Cohen moved pursuant for leave to renew and reargue his opposition to that branch of the plaintiffs' motion which was for summary judgment dismissing his counterclaim. The court granted reargument, but adhered to its prior determination.
The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law dismissing Cohen's counterclaim. The plaintiffs' submissions raise triable issues of fact as to whether Cohen has an undivided interest as a tenant in common in Clock Tower Lane, and, if so, whether the plaintiffs' actions violated Cohen's property rights by preventing Cohen from accessing Clock Tower Lane (see Rivera v Bruzzese, 93 AD3d 1124, 1127; Race v Meyer, 219 AD2d 67, 70). Inasmuch as the plaintiffs failed to meet their prima facie burden, it is unnecessary to consider whether Cohen's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, upon reargument, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment dismissing Cohen's counterclaim.
RPAPL 1511(2) provides that, in an action "[w]here it appears to the court that a person not a party to the action may have an estate or interest in the real property which may in any manner be affected by the judgment, the court, upon application . . . of any party to the action, or on its own motion, may direct that such person be made a party." Necessary parties are persons "who might be inequitably affected by a judgment in the action" and must be made plaintiffs or defendants (CPLR 1001[a]). CPLR 1001(b) requires the court to order such persons summoned, where they are subject to the court's jurisdiction. If jurisdiction over such necessary parties can be obtained only by their consent or appearance, the court is to determine, in accordance with CPLR 1001(b), whether justice requires that the action proceed in their absence (see CPLR 1001[b]). The nonjoinder of necessary parties may be raised at any stage of the proceedings, by any party or by the court on its own motion, including for the first time on appeal (see City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475; Matter of Lezette v Board of Educ. Hudson City School Dist., 35 NY2d 272, 282; Censi v Cove Landings, Inc., 65 AD3d 1066, 1067-1068; Migliore v Manzo, 28 AD3d 620, 621; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1003:1; see also CPLR 1003). 
Here, the record indicates the possible existence of necessary parties who have not been joined, namely, the other residents of the subdivision who may possess a tenancy in common in Clock Tower Lane. Accordingly, we remit the matter to the Supreme Court, Nassau County, to hold a hearing to determine whether there are any necessary parties who should be joined in this action and, if so, to compel their joinder, subject to any affirmative defenses, and if joinder cannot be effectuated, to determine, pursuant to CPLR 1001(b), whether the action should proceed in the absence of any necessary parties (see Censi v Cove Landings, Inc., 65 AD3d at 1068; De Ruscio v Jackson, 164 AD2d 684, 688).
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court