Sacasa v David Trust (2021 NY Slip Op 04772)





Sacasa v David Trust


2021 NY Slip Op 04772


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-00258
 (Index No. 14535/13)

[*1]Orlando A. Sacasa, et al., plaintiffs-respondents, Windmill Family, LLC, et al., respondents-appellants,
v
David Trust, etc., appellant-respondent, Alfred J. Shuman, et al., defendants-respondents, et al., defendants (and a third-party action).


Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Christopher D. Kelley of counsel), for appellant-respondent.
Tarbet & Lester PLLC (Law Offices of Mark Sherman, LLC, New York, NY [Christine L. Landis], of counsel), for respondents-appellants.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Stephen R. Angel, Amanda Star Frazer, Kimberley A. Oringer, and Anthony Pasca of counsel), for plaintiffs-respondents.



DECISION & ORDER
In an action for declaratory and injunctive relief, the defendant David Trust appeals, and the plaintiffs Windmill Family, LLC, and Windmill Gift, LLC, cross-appeal, from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated September 18, 2018. The order, insofar as appealed from, denied that branch of the motion of the defendant David Trust which was for summary judgment dismissing the complaint for failure to join necessary parties, denied those branches of that motion which were for summary judgment, in effect, with respect to the first through fifth and seventh causes of action, and granted those branches of the plaintiffs' cross motion which were for summary judgment on the first, second, fourth, and seventh causes of action. The order, insofar as cross-appealed from, denied that branch of the plaintiffs' cross motion which was for summary judgment on the fifth cause of action.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiffs' cross motion which were for summary judgment on the first, second, fourth, and seventh causes of action, and substituting therefor provisions denying, without prejudice, those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
The plaintiffs own property abutting Windmill Lane, a small, private road in East Hampton that begins at Further Lane at its northernmost point and runs south, terminating in a dead end near the Atlantic Ocean beach. The David Andrew Trust Revocable Trust, of which David Trust is the trustee, owns the property located at 27 Windmill Lane, near the southern end of Windmill Lane (hereinafter the Trust property). Alfred J. Shuman and Stephanie J. Shuman (hereinafter [*2]together the Shumans) own oceanfront property located at 33 Windmill Lane, just south of the Trust property (hereinafter the Shuman property). The plaintiffs commenced this action against, among others, Trust, individually and in his capacity as trustee of the David Andrew Trust Revocable Trust, pursuant to RPAPL article 15, seeking, inter alia, a judgment declaring that each of their properties is benefitted by (1) a prescriptive easement over a five-foot-wide pedestrian path (hereinafter the pedestrian path) that begins at the southern end of Windmill Lane and proceeds south to the Atlantic Ocean beach, crossing over portions of the Trust property as well as the Shuman property, and (2) an express easement over that portion of the Trust property through which part of Windmill Lane passes. The plaintiffs named the Shumans, among other owners of property abutting Windmill Lane, as additional defendants.
After the completion of discovery, Trust moved, inter alia, for summary judgment dismissing the complaint for failure to join necessary parties and for summary judgment, in effect, with respect to the causes of action for declaratory relief. The plaintiffs opposed the motion and cross-moved for summary judgment on the complaint. The Supreme Court denied that branch of Trust's motion which was for summary judgment dismissing the complaint for failure to join necessary parties, and denied those branches of Trust's motion which were for summary judgment, in effect, with respect to the causes of action for a judgment declaring that the plaintiffs each had prescriptive easement over the pedestrian path (first through fifth causes of action) and that the plaintiffs' properties are benefitted by an express easement over the portion of Windmill Lane that passes through the Trust property (seventh cause of action). The court granted those branches of the plaintiffs' cross motion which were for summary judgment on the first, second, and fourth causes of action, which were for a judgment declaring that the plaintiffs Orlando A. Sacasa and Jane S. Sacasa, the plaintiffs Evan Sheinberg and Abigail McKenna, and the plaintiff Jean W. Clarke, respectively, have a prescriptive easement over the pedestrian path. However, the court denied those branches of the plaintiffs' cross motion which were for summary judgment on the third and fifth causes of action, which were for a judgment declaring that the plaintiffs Jack Nusbaum and Nora Ann Wallace, and the plaintiffs Windmill Family, LLC, and Windmill Gift, LLC (hereinafter together the Windmill LLC plaintiffs), respectively, have a prescriptive easement over the pedestrian path. The court granted that branch of the plaintiffs' cross motion which was for summary judgment on the seventh cause of action. Trust appeals, and the Windmill LLC plaintiffs cross-appeal.
As a threshold matter, we must address Trust's contention that the plaintiffs have failed to join certain necessary parties to this action. Specifically, Trust submitted evidence that the eastern half of Windmill Lane, known as Suffolk County Tax Map Number 301-10-1-37, is owned by nonparty R. E. Dowling Realty Corporation (hereinafter R.E. Dowling), which took title from Russell Hopkinson by deed dated November 14, 1949. Trust also submitted evidence that the owners of the western half of Windmill Lane consist of the owners of the lots situated on the western side of Windmill Lane, which include nonparty Joel M. Stern and nonparties Paul R. Sheerer and Barbara H. Sheerer (hereinafter together the Sheerers). Trust contends that R.E. Dowling, Stern, and the Sheerers are necessary parties to this action.
"Necessary parties are persons who might be inequitably affected by a judgment in the action and must be made plaintiffs or defendants" (Censi v Cove Landings, Inc., 65 AD3d 1066, 1067 [internal quotation marks omitted]; see CPLR 1001[a]).
Strictly speaking, none of the nonparties identified by Trust is necessary for the purpose of determining whether the plaintiffs have a prescriptive easement over the pedestrian path itself (see Colpitts v Cascade Val. Land Corp., 145 AD2d 750). However, in order to access the pedestrian path, the plaintiffs must travel south from their properties to the very end of Windmill Lane, and a central point of contention among the parties is the scope of the plaintiffs' express easement over Windmill Lane, which is raised by the plaintiffs themselves in the seventh cause of action.
Clearly, the current owner of the eastern half of Windmill Lane—be it R.E. Dowling or its successor in interest—is a necessary party with respect to the seventh cause of action, since, [*3]at a minimum, all of the plaintiffs who own property on the eastern side of Windmill Lane must travel through R.E. Dowling's lot in order to reach the disputed pedestrian path (see Schaffer v Landolfo, 27 AD3d 812; Hitchcock v Boyack, 256 AD2d 842, 844; Mykoff v Rubenfeld, 149 AD2d 574). Whether the Sheerers are also necessary parties cannot be ascertained from the record, since it is unclear whether any of the plaintiffs must use the western portion of Windmill Lane located on the Sheerers' property in order to reach the pedestrian path (cf. Hitchcock v Rourke, 130 AD3d 1111, 1113-1114). As for Stern, who owns the northernmost lot on the western side of Windmill Lane, Trust failed to establish Stern's status as a necessary party (see Cannon v Sikora, 142 AD2d 662, 663-664).
Although the record supports Trust's contention that R.E. Dowling is a necessary party, the Supreme Court properly denied that branch of Trust's motion which was for summary judgment dismissing the complaint for failure to join R.E. Dowling. Rather than dismissing the action, CPLR 1001(b) requires the court to order the necessary party or parties summoned, where they are subject to the court's jurisdiction, and "[i]f jurisdiction over such necessary parties can be obtained only by their consent or appearance, the court is to determine, in accordance with CPLR 1001(b), whether justice requires that the action proceed in their absence" (Censi v Cove Landings, Inc., 65 AD3d at 1067-1068). Thus, the matter must be remitted to the Supreme Court, Suffolk County, to determine whether R.E. Dowling, or its successor in interest as owner of the eastern half of Windmill Lane, can be summoned and, if not, whether the action may nevertheless proceed in that party's absence.
In light of our determination, it was premature for the Supreme Court to grant those branches of the plaintiffs' cross motion which were for summary judgment on the first, second, fourth, and seventh causes of action. Accordingly, we modify the order appealed from so as to deny those branches of the cross motion, without prejudice, and we express no views on the parties' remaining contentions.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court