Follett v Dumond (2024 NY Slip Op 03272)

Follett v Dumond

2024 NY Slip Op 03272

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

292 CA 23-01740

[*1]JOHN C. FOLLETT, AS TRUSTEE OF THE DORIS C. FOLLETT IRREVOCABLE TRUST, ROBERT PINKERTON, BELINDA PINKERTON, MICHAEL GUMPPER, BRIDGET THOMAS, PHYLLIS A. SWEETEN, KENNETH M. RITTER, JANINE L. RITTER, NORTON CAMP, LLC, ROBERT KLEI, COLLEEN KLEI, CHRISTOPHER LAMB, ELIZABETH A. MEYERS, JOHN J. SURGOINE, RICHARD W. SOUTHARD, MARGARET L. SOUTHARD, ROYCE H. BURGESS, AND MARY C. BURGESS, PLAINTIFFS-APPELLANTS,
v
RONALD DUMOND, DEFENDANT-RESPONDENT. 

LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
LYNN D'ELIA TEMES & STANCZYK, SYRACUSE (DAVID C. TEMES OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered October 16, 2023, in a declaratory judgment action. The judgment determined the rights and duties of plaintiffs and defendant in relation to an easement. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the complaint is dismissed without prejudice to the commencement of a new action with all necessary parties.
Memorandum: Plaintiffs appeal from a judgment in this action seeking, inter alia, a declaration under RPAPL article 15 of the respective rights and duties of plaintiffs and defendant in relation to a recreational easement burdening real property owned by defendant in the "Godfrey's Shady Point Track" subdivision on the shoreline of Oneida Lake. The subject parcel is a "reserved park" that provides waterfront access for the cottage lots in the subdivision. Notably, the record contains no evidence concerning which lots plaintiffs own, and it includes an affidavit from one of the plaintiffs stating that 11 "of the non-lakefront property owners are [p]laintiffs in this case," i.e., that some of the non-lakefront property owners are not plaintiffs in this case.
CPLR 1001 (a) provides, in relevant part, that all "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." It is well established that "[t]he absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion" (Ullman v Medical Liab. Mut. Ins. Co., 159 AD3d 1498, 1500 [4th Dept 2018] [internal quotation marks omitted]; see Town of Amherst v Hilger, 106 AD3d 120, 129 [4th Dept 2013]). In an action seeking to determine the extent of a recreational easement, the owners of all parcels of land burdened or benefitted by the easement are necessary parties because there is a potential that their real property rights will be affected by the outcome of the litigation (see Schaffer v Landolfo, 27 AD3d 812, 812 [3rd Dept 2006]; Hitchcock v Boyack, 256 AD2d 842, 844 [3d Dept 1998]). Inasmuch as owners of real property who are not currently named as parties may be affected by the outcome of litigation concerning the subject parcel, we reverse the judgment and dismiss the complaint without prejudice (see CPLR 1003). Plaintiffs are thus "not precluded from recommencing the action in [*2]the proper manner naming all necessary parties" (Hitchcock, 256 AD2d at 844).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court