Hossain v Rahman (2026 NY Slip Op 00352)

Hossain v Rahman

2026 NY Slip Op 00352

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-08582
 (Index No. 707723/22)

[*1]Jahangir Hossain, appellant, 
vMizanur Rahman, et al., defendants.

Salim Sheikh & Associates, P.C., Woodside, NY, for appellant.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered January 11, 2024. The order denied the plaintiff's motion for leave to enter a default judgment against the defendants Mizanur Rahman, M. Abdul Mannan, and Properties Management, LLC, and for certain declaratory relief.
ORDERED that the order is modified, on the law, by adding thereto a provision stating that the denial of the plaintiff's motion for leave to enter a default judgment against the defendants Mizanur Rahman, M. Abdul Mannan, and Properties Management, LLC, and for certain declaratory relief is without prejudice; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPLR 1001 in accordance herewith.
The plaintiff allegedly acquired title to certain real property located in Woodside in October 2004. On April 7, 2022, the plaintiff commenced this action, alleging, inter alia, that his brother, the defendant Mizanur Rahman, with the help of the defendant M. Abdul Mannan, forged the plaintiff's signature on a power of attorney dated October 5, 2006, which was subsequently used to transfer the property by a forged deed dated June 10, 2013, to the defendant Properties Management, LLC. The plaintiff sought, among other things, a judgment declaring that the power of attorney and the deed are null and void.
After Rahman, Mannan, and Properties Management, LLC (hereinafter collectively the defendants), failed to answer the complaint or otherwise appear in the action, the plaintiff moved for leave to enter a default judgment against them and for a judgment declaring that the power of attorney and the deed are null and void. In an order entered January 11, 2024, the Supreme Court denied the plaintiff's motion, noting, inter alia, that the plaintiff "failed to join all necessary parties." The plaintiff appeals.
"[N]ecessary parties are persons who might be inequitably affected by a judgment in the action and must be made plaintiffs or defendants" (Matter of Cuomo v East Williston Union Free Sch. Dist., 227 AD3d 897, 900 [internal quotation marks omitted]; see CPLR 1001[a]; Sacasa v Trust, 197 AD3d 750, 752). "CPLR 1001(b) requires the court to order the necessary party or parties summoned, where they are subject to the court's jurisdiction, and '[i]f jurisdiction over such necessary parties can be obtained only by their consent or appearance, the court is to determine, in accordance with CPLR 1001(b), whether justice requires that the action proceed in their absence'" [*2](Sacasa v Trust, 197 AD3d at 753, quoting Censi v Cove Landings, Inc., 65 AD3d 1066, 1067-1068). "The nonjoinder of necessary parties may be raised at any stage of the proceedings, by any party or by the court on its own motion, including for the first time on appeal" (Censi v Cove Landings, Inc., 65 AD3d at 1068).
Here, it was premature for the Supreme Court to make a determination on the plaintiff's motion, among other things, for leave to enter a default judgment against the defendants without first identifying the necessary parties to the action (see Sacasa v Trust, 197 AD3d at 753; Censi v Cove Landings, Inc., 65 AD3d at 1068). After the court concluded that there existed necessary parties to the action, the court should not have denied the plaintiff's motion, with prejudice, on the ground that the plaintiff maintained other actions for the same relief, but rather should have ascertained the identity of those parties, whether they can be joined, and, if not, whether the action should proceed in the absence of any necessary parties pursuant to CPLR 1001(b) (see Sacasa v Trust, 197 AD3d at 753; Censi v Cove Landings, Inc., 65 AD3d at 1068). Under the circumstances of this case, "'the questions of whether there are any . . . necessary parties who should be joined in this action and, if so, the appropriate procedural disposition for effecting joinder should not be determined by this court in the first instance'" (Censi v Cove Landings, Inc., 65 AD3d at 1068, quoting De Ruscio v Jackson, 164 AD2d 684, 688). Accordingly, we remit the matter to the Supreme Court, Queens County, to hold a hearing to determine whether there are any necessary parties who should be joined in this action and, if so, to compel their joinder, subject to any affirmative defenses, and if joinder cannot be effectuated, to determine, pursuant to CPLR 1001(b), whether the action should proceed in the absence of any necessary parties.
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., VOUTSINAS, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court