■ CHRISTINE M. WROBEL et al., Respondents, v GEORGE LA WARE, II, et al., Appellants. [646 NYS2d 391] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Plumadore, J.), entered April 6, 1995 in Saratoga County, which, *inter alia*, granted plaintiffs' cross motion for summary judgment and declared that defendants' insurance carrier was liable for damages incurred by plaintiffs.

This action arises out of an automobile accident in which plaintiff Christine M. Wrobel (hereinafter plaintiff) was injured when the vehicle she was operating was struck by a vehicle owned and operated by George La Ware, III. Plaintiff and her spouse, derivatively, commenced a negligence action against La Ware, whose vehicle was insured under a policy issued by Allstate Insurance Company which provided liability coverage to the extent of $10,000 per person. The full limit of La Ware's policy has apparently been offered in settlement of that action.

In October 1993, plaintiffs commenced the instant action against defendants, La Ware's parents, with whom he resided at the time of the accident, seeking a declaration that defendants' automobile liability insurance carrier, General Accident Insurance Company, is liable along with Allstate Insurance Company for plaintiffs' damages. General Accident was not named as a party defendant to this action.

Defendants thereafter moved for summary judgment dismissing the complaint, arguing that plaintiffs were not entitled to "stack" the policies issued by General Accident and Allstate so as to recover from both. Plaintiffs cross-moved for summary judgment, and after defendants failed to controvert plaintiffs' showing that La Ware had indeed resided with them at the time of the accident, Supreme Court denied defendants' motion and granted plaintiffs' cross motion, declaring that the liability coverage provided by the General Accident policy is available to compensate plaintiffs for damages caused by La Ware.

Defendants appeal, contending that it was error for Supreme Court to issue a declaration construing the terms of a policy issued by General Accident in an action where that insurer had not been joined as a party defendant. Because the absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion (*see*, CPLR 1003; *Matter of Lezette v Board of Educ.*, 35 NY2d 272, 282; *Albert C. v Joan C.*, 110 AD2d 803, 804), plaintiffs' claim that this issue has not been preserved for review is unavailing.

Not having been a party to this action, General Accident would not necessarily be bound by any declaration made herein; in that instance, a complete resolution of the controversy would not be had (see, *City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475). Moreover, to the extent that the carrier might be bound by the judgment, it could plainly be "inequitably affected" thereby (CPLR 1001 [a]; *Staten Is. Hosp. v Alliance Brokerage Corp.*, 137 AD2d 674, 677). Hence, until General Accident is joined as a party and afforded an opportunity to be heard, the declaratory judgment sought herein cannot serve any legitimate purpose (see, *Matter of J-T Assocs. v Hudson Riv.-Black Riv. Regulating Dist.*, 175 AD2d 438, 440-441, *lv denied* 79 NY2d 753; *Cadman Mem. Cong. Socy. v Kenyon*, 279 App Div 1015, 1016, *affd* 306 NY 151). The judgment is accordingly reversed, and Supreme Court is directed to dismiss the complaint, without prejudice, unless General Accident is properly joined as a party defendant by the service of a supplemental summons and amended complaint within 30 days of the entry of this order (see, CPLR 1003; *Schmidt v Schmidt*, 99 AD2d 775, 776).

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.