■ DAVID CHRISTA CONSTRUCTION, INC., Respondent, v AMERICAN HOME ASSURANCE COMPANY, Appellant, and DANIEL ROOSA et al., Respondents, et al., Defendant. [837 NYS2d 447]—

Appeal from an order of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered March 29, 2006 in a declaratory judgment action. The order denied the motion of defendant American Home Assurance Company for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, judgment declaring that it is covered under the policies issued by defendant insurers to defendant Spring Lake Excavating, Inc., plaintiff's subcontractor, and that defendant insurers are obligated to defend and indemnify plaintiff in the underlying consolidated action. American Home Assurance Company (defendant) appeals from an order denying its motion for summary judgment seeking a declaration that its insurance policy is excess to two policies carried by plaintiff and that defendant "does not owe plaintiff a defense or indemnification (other than possible excess indemnification) for the claims" in the underlying action.

Supreme Court properly denied defendant's motion insofar as it sought a declaration concerning the priority of coverage among the applicable insurance policies. Even assuming, arguendo, that defendant is correct that the memorandum of law submitted by plaintiff in opposition to the motion was insufficient to raise an issue of fact (*see generally* CPLR 2214 [b]), we nevertheless conclude that defendant is not entitled to declara-

tory relief, based on its failure to join a necessary party. According to defendant, its obligation to provide insurance coverage to plaintiff is excess to the primary obligation of United Pacific Insurance Company (United Pacific) and, because United Pacific is not a party to this action, it would not be bound by any declaration (*see City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475 [1979]; *Wrobel v La Ware*, 229 AD2d 861, 862 [1996]). Thus, until United Pacific "is joined as a party and afforded an opportunity to be heard, the declaratory judgment sought herein cannot serve any legitimate purpose" (*Wrobel*, 229 AD2d at 862; *see Cadman Mem. Cong. Socy. of Brooklyn v Kenyon*, 279 App Div 1015, 1016 [1952], *affd* 306 NY 151 [1953], *rearg denied* 306 NY 851 [1954]; *Matter of J-T Assoc. v Hudson Riv.—Black Riv. Regulating Dist.*, 175 AD2d 438, 440-441 [1991], *lv denied* 79 NY2d 753 [1992]; *see also* CPLR 1001 [a]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.