| |
|---|
| **Colliers Engg. & Design, Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa** |
| 2026 NY Slip Op 31020(U) |
| March 23, 2026 |
| Supreme Court, Dutchess County |
| Docket Number: Index No. 2025-56680 |
| Judge: Thomas R. Davis |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT- STATE OF NEW YORK
DUTCHESS COUNTY

Present: Hon. THOMAS R. DAVIS, J.S.C.

SUPREME COURT: DUTCHESS COUNTY

------------------------------------------------------------------------X
COLLIERS ENGINEERING & DESIGN, INC.
COLLIERS ENGINEERING & DESIGN CT, P.C.,
and COLLIERS ENGINEERING & DESIGN,
ARCHITECTURE, LANDSCAPE ARCHITECTURE,
SURVEYING, CT P.C.,

                      Plaintiffs,

       - against –

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA, NAVIGATORS
INSURANCE COMPANY, AMERICAN GUARANTEE
AND LIABILITY INSURANCE COMPANY, FIREMAN'S
FUND INSURANCE COMPANY, ALLIED WORLD
NATIONAL ASSURANCE COMPANY, and THE
OHIO CASUALTY INSURANCE COMPANY,

                      Defendants,

       - and –

BERKSHIRE HATHAWAY SPECIALTY INSURANCE
COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S
SUBSCRIBING TO POLICY NUMBER B0146
LDUSA2305178, and CENTRAL HUDSON GAS AND
ELECTRIC CORPORATION,

                    Nominal Defendants.
------------------------------------------------------------------------X

**DECISION AND ORDER**
(Motion Seq. No. 3)

Index No.: 2025-56680

*Brief overview*

    This action concerns an insurance coverage dispute which arose from the alleged failure of the defendants to defend and indemnify the plaintiffs in numerous underlying personal injury and property damage lawsuits against the plaintiffs (and others), as well as the defendants' alleged failure to timely disclaim coverage. The underlying lawsuits for personal injuries and

[* 1]

property damage stem from a natural gas explosion that occurred on November 2, 2023 in Wappingers Falls, New York in which several residents of an apartment building and workers on the job site were seriously injured, and several structures were severely damaged.

The complaint herein is for breach of contract and declaratory relief pertaining to the defendants' aforesaid alleged failure to provide defense and indemnification to the plaintiffs in the underlying lawsuits. The defendants have moved, pre-answer, to dismiss the second and third causes of action in the complaint, and to dismiss plaintiff's request for attorneys' fees. The following papers were read and considered in determining the motion:

NYSCEF document numbers 67-72, 146-192 and 200-206 (and all other NYSCEF documents referenced therein).

*Relevant background*

Plaintiffs' complaint alleges, *inter alia*, as follows: That each of the defendants provided primary and excess commercial general liability insurance policies to the plaintiffs for the period of March 1, 2023 to March 1, 2024, and that such policies provided a maximum, aggregate limit of $110 million in coverage; that in April 2020, plaintiffs entered into a contract with Central Hudson Gas & Electric Corp. ("Central Hudson") pursuant to which plaintiffs were to perform gas inspection and asset recording throughout Central Hudson's territory, and which contained an indemnification provision in favor or Central Hudson; that on November 2, 2023, in connection with work performed under the aforesaid contract, there was a large natural gas explosion in Wappingers Falls, New York which caused serious personal injuries (and property damage), resulting in the commencement of nineteen liability lawsuits naming the plaintiffs and Central Hudson as defendants; that the defendants herein were all served with multiple notices of claim for coverage under their respective policies, but have failed to take formal coverage positions, and have ignored the plaintiffs' (and Central Hudson's) requests to tender defenses and indemnification to them in the underlying liability lawsuits.

The complaint further alleges that because the defendants have breached their agreements to provide the plaintiffs with a legal defense in the underlying liability lawsuits, plaintiffs have been forced to rely on the legal defense provided to them through nominal defendant Berkshire Hathaway Specialty Insurance Company ("Berkshire"), who, for the relevant time period, issued the plaintiffs a professional liability insurance policy (as opposed to general commercial liability). Plaintiffs assert that the defense costs under the Berkshire policy erode the limits of the Berkshire coverage (pursuant to the policy's terms), which reduces the amount available for indemnification, whereas coverage under the commercial general liability policies does not erode such limits of coverage.[1]

The complaint asserts three causes of action. The first is for breach of contract; in particular, breach of the commercial general liability policies by refusing to provide plaintiffs "a coverage position, defense, or indemnification from and against the liability claims and damages

---

[1] Nominal defendant "Certain Underwriters at Lloyd's..." ("Lloyd's") is alleged to be an excess professional liability insurer to the plaintiffs.

alleged in the underlying actions" resulting in money damages in an amount to be determined at trial (NYSCEF Doc. No. 1, ¶76).

The second cause of action is for a declaratory judgment, declaring the following: That the defendants must defend the plaintiffs against all claims arising from the gas explosion on November 2, 2023; that the defendants must indemnify the plaintiffs from all damages or other financial losses arising from the explosion; that due to untimely disclaimers, the defendants are estopped from relying on any policy conditions, limitations or exclusions to avoid coverage; and "any and all other contested or disputed rights or obligations…" among the parties, including priorities and allocations of defense and indemnity obligations among the defendants and the nominal defendants (Berkshire and Lloyd's).

The third cause of action, labeled "Untimely Disclaimer—Insurance Law §3420 (d) (2)", seeks, in effect, a declaratory judgment that pursuant to the said statute, the defendants each failed to disclaim coverage "as soon as reasonably possible" thereby "estopping each of them from attempting to rely upon any policy conditions, limitations, or exclusions to attempt to avoid coverage" (NYSCEF Doc. No. 1, ¶91).

As relevant to the instant motion, the "wherefore" clause of the complaint seeks—in addition to the relief noted above for each cause of action—"attorneys' fees, costs, and disbursements" (NYSCEF Doc. No. 1, pg. 20).

After filing and serving the complaint, the plaintiff filed a "Notice of Partial Discontinuance Without Prejudice" as to the nominal defendants Berkshire and Lloyd's (NYSCEF Doc. Nos. 18 and 22), the content of each Notice stating that it was, "without prejudice, and subject to a full reservation of rights to reinstatement or recommencement" of the action (*id.*).

The defendants, collectively, filed the instant pre-answer motion pursuant to CPLR §3211(a)(7), in which they seek dismissal of the Second and Third Causes of Action in the complaint, as well as dismissal of the plaintiffs' requested relief for attorneys' fees in subparagraph (iv) of the *ad damnum* clause in the complaint.

*Party contentions*

The defendants argued that the second and third causes of action in the complaint should be dismissed because they are duplicative of the first cause of action. In particular, they argued that in order for the court to adjudicate whether the defendants breached the underlying insurance policies by refusing to provide the plaintiffs a coverage position, defense or indemnification (the basis for the first cause of action), the court will necessarily have to determine whether a duty to defend existed and was breached, and therefore, it is not necessary for the court to render a declaratory judgment as to whether the defendants have a duty to defend and indemnify the plaintiffs. They asserted that the second cause of action effectively seeks a "verbal articulation of the Court's reasoning" on its adjudication of the first cause of action.

Page **3** of **10**

[* 3]

Similarly, the defendants asserted that the plaintiffs' allegations in their second cause of action that apart from breaching the underlying policies, the defendants failed to comply with Insurance Law §3420(d)(2), will also be necessarily determined in the first cause of action. That is, in order for the court to determine whether a breach occurred, it would also need to determine which provisions of the policy apply and whether the defendants have lost the ability to rely on their policy language by failing to comply with Insurance Law §3420(d)(2). Defendants asserted that "the applicability of Section 3420…is already a necessary component of resolving Plaintiff's claims in the First Cause of Action concerning the scope and availability of coverage under the [defendants'] policies" (NYSCEF Doc. No. 72, pg. 2). They further argued that the plaintiffs' third cause of action is also duplicative because it seeks the very same declaratory relief as to Insurance Law §3420 that is sought in the second cause of action, which is already duplicative of the first cause of action.

Defendants further argued that the plaintiffs' second cause of action should be dismissed because insofar as it seeks a ruling on the priority and allocation of coverage, it is improper given that the plaintiffs have discontinued the action against the nominal defendants, Berkshire and Lloyds, who, now as "non-parties", would not be bound by any such adjudication.

Defendants further argued that the plaintiffs' request for attorneys' fees in their *ad damnum* clause should be dismissed because absent a statutory or contractual provision for same, which they asserted does not exist here, there is no basis to recover attorneys' fees.

In opposition, the plaintiffs argued that there is no basis for dismissing their second and third causes of action because: The complaint meets the pleading standard for a declaratory judgment—namely, that there is a justiciable controversy; that claims for breach of contract and declaratory judgment may be pleaded in the alternative; that courts routinely permit insureds to plead declaratory relief alongside breach of contract; that a claim for declaratory relief is not duplicative where, as here, it seeks relief separate and distinct from damages recoverable under a breach claim, and the two claims do not completely overlap; that the declaratory judgment claims here encompass the distinct issue of equitable estoppel against National Union—who has recently assumed the plaintiffs' defense in some of the underlying liability actions without reserving its rights—which issue is distinct from the issues to be determined on the breach of contract claim; that the breach of contract claim here addresses past actions, while the declaratory judgment claims deals with future damages and the parties' future rights and obligations; that the second cause of action is not unnecessary because the first cause of action for breach does not provide full, adequate and complete relief; and the third cause of action is not duplicative of the first.

Plaintiffs further argued that their demand for attorneys' fees should not be dismissed because: They are entitled to attorneys' fees in the underlying liability actions based on defendants' breach of the duty to defend; plaintiffs may be entitled to attorneys' fees in this action if the defendants either counterclaim to avoid their coverage obligations, lose on the merits but continue to pursue meritless motion practice, if they wrongfully deny the plaintiffs' pending notices to admit, or if they engage in frivolous conduct under Part 130.

Plaintiffs further argued that nominal defendants Berkshire and Lloyd's are not necessary parties to this action because: Plaintiffs may proceed against one coinsurer, putting the onus on that insurer to seek contribution from other coinsurers; the court may reach the issue of the duty to defend and indemnify without determining priorities of coverage; other actions in which some of these defendants have been involved held that the court can determine issues of defense and indemnification (and untimely disclaimer) and defer the question of priority of coverage to separate litigation between the insurers; plaintiffs do not intend, nor need to, litigate the issue of priority between their professional and general commercial liability carriers; and Berkshire and Lloyd's were named and served in this action, given the opportunity to participate, and expressly and knowingly declined.

In reply, the defendants, *inter alia*, disputed and/or distinguished various case law relied upon by the plaintiffs and, in part, reiterated some of their arguments proffered in their moving papers.

### Discussion/analysis

#### The claims are not duplicative

"A cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract" (*Apple Records v. Capitol Records*, 137 AD2d 50 [1st Dept 1988]).

However, a cause of action is not duplicative where it "seeks relief separate and distinct from damages recoverable under" the other claim(s) (*Slocum Realty Corp. v. Schlesinger*, 162 AD3d 939, 944 [2d Dept 2018]).

With regard to dismissal of the second and third causes of action, the court finds dispositive the fact that reading the complaint in the light most favorable to the plaintiffs, as the court must on a 3211(a)(7) motion (*see Kevin Spence & Sons, Inc. v. Boar's Head Provisions Co., Inc.*, 5 AD3d 352 [2d Dept 2004]), the relief sought in the second and third causes of action is distinct from that sought in the first cause of action, and resolution of the first cause of action will not necessarily resolve the issues raised in the second and third causes of action. Therefore, with one minor exception noted herein, the second and third causes of action are not duplicative of the first.

The first cause of action for breach of contract, which seeks monetary damages, can be read, in the light most favorable to the plaintiffs, as seeking relief solely for past conduct—that is, compensation and/or reimbursement to the plaintiffs for the defendants' breach of their obligation to undertake the defense of the plaintiffs in the underlying liability lawsuits, which resulted in the plaintiffs having incurred defense costs under their professional liability policies with Berkshire and the erosion of indemnification coverage available to them under those particular policies. Determining whether such breach occurred would, as defendants noted, require the court to determine whether the duty to defend existed under the policy provisions in the first instance. However, contrary to the defendants' contention, it would not necessarily

### Page **5** of **10**

require the court to determine the other issues that are raised/implicated in the second and third causes of action for declaratory relief, which include (among others) the rights and obligations of the parties going forward—particularly, the obligation of the defendants to indemnify the plaintiffs in the underlying liability actions pursuant to the provisions of the subject policies, and whether or not the defendants are estopped under Insurance Law §3420 from disclaiming coverage.

As to the former—the right to indemnification under the policies' provisions—given that the underlying liability actions are all still pending, there is no present breach by the defendants of their alleged obligation to indemnify the plaintiffs under those contracts.[2] Therefore, it is disingenuous for the defendants to assert that that particular issue will necessarily be resolved in the determination of the breach of contract claim. To the contrary, if the plaintiffs were to move for summary judgment immediately after issue is joined by the defendants herein—a plan they have openly expressed it is their intention to undertake—it is entirely conceivable that if they prevail on their first cause of action for breach of contract, the relief to which they may be entitled might only be money damages to compensate them for the defendants' past failures to defend them in the underlying liability actions, and not money damages for failure to indemnify them because, by such time (and certainly, at the present time), they still may not have paid out any sums to any of the plaintiffs in the liability actions for which they might be entitled to indemnification. In that situation, it would only be pursuant to their second and/or third causes of action that they could obtain an adequate remedy—a judicial declaration that the defendants are required, under the terms of the policies, to indemnify them for such payments.

As to the latter—estoppel from disclaiming under Insurance Law §3420—the breach of contract claim as it is alleged in the complaint does not invoke review of that issue such that the declaratory judgment causes of action could be said to be duplicative thereof. The court is simply not persuaded by defendants' argument that a determination as to whether they can still timely disclaim coverage for indemnification under Insurance Law §3420 is necessarily encompassed within a determination as to whether they have already breached their respective contract obligations to defend the plaintiffs in the underlying liability actions.[3]

Indeed, it is well-settled that the duty to defend is broader than the duty to indemnify (*see, e.g., Belsito v. State Farm Mut. Ins. Co.*, 27 AD3d 502 [2d Dept 2006]). Therefore, while

---

[2] This is a point expressly acknowledged by the plaintiffs (NYSCEF Doc. No. 192, pg. 17), and apparently also recognized by the defendants (NYSCEF Doc. No. 206, pg. 12).

[3] In this regard, the defendants asserted in their motion that "the purported applicability of Section 3420(d) to the instant coverage dispute is a necessary component of resolving Plaintiffs' claims concerning the scope and availability of coverage under the GL Insurers' policies" (NYSCEF Doc. No. 72, pg. 11). Other than making this rather conclusory statement, the defendants did not articulate *how* the applicability of Section 3420(d) is a "necessary component" of resolving the claims for the "scope and availability" of coverage, leaving the court to speculate and, ultimately, disagree with that unexplained conclusion. In the court's view, the scope and applicability of coverage under a particular policy may merely involve a review of the policy's terms and application of those terms to the facts of any given, underlying liability situation to determine whether or not the policy covers that situation, without ever considering the timeliness of a purported disclaimer under Insurance Law §3420(d). The court might only make a determination as to the timeliness of a disclaimer if a party raises that issue. Here, that is what the plaintiffs have done via their second and third causes of action. Their first cause of action, on its face, does not implicitly raise that issue.

[* 6]

there could be a finding in the first cause of action that the defendants breached (or not) their duty to defend under the respective policies' provisions, making that determination would not provide the plaintiff with complete relief as to their second and third causes of action, which can fairly be read as requesting a declaration as to the rights and obligations of the parties going forward, taking into consideration not only the alleged obligation to indemnify under the policies' provisions (the second cause of action), but also whether the defendants are now prevented from disclaiming coverage by virtue of Insurance Law §3420 (the third cause of action).

With the above in mind, the court nonetheless notes that there does appear to be one "overlap" within the pleading as to the relief sought by the plaintiffs, and that is their claim at paragraph 82(c) of their complaint (reiterated at paragraph ii(c) of their *ad damnum* clause) and their third cause of action. Paragraph 82(c), and its corresponding paragraph in the *ad damnum* clause, seeks a declaration that pursuant to Insurance Law §3420(d)(2), the defendants are each estopped from relying upon any policy conditions, limitation, or exclusions to attempt to avoid coverage. The third cause of action in the complaint seeks this very same relief and, in that regard, it is duplicative. However, several of the factual allegations contained within (and underlying) the third cause of action are not contained elsewhere in the complaint and are clearly present in order to support the very specifically stated third cause of action for "untimely disclaimer" under "Insurance Law §3420(d)(2)". Therefore, the court deems it appropriate to dismiss only so much of the second cause of action which seeks a declaration that pursuant to Insurance Law §3420(d)(2), the defendants are each estopped from relying upon any policy conditions, limitation, or exclusions to attempt to avoid coverage, as that claim is asserted more thoroughly in the third cause of action.

### *Necessary party issue*

The moving defendants also seek, pursuant to CPLR § 3211(7), to dismiss the complaint because Berkshire and Lloyd's—who they asserted are necessary parties—are no longer parties hereto. The action was discontinued against Berkshire and Lloyd's by notice of partial discontinuance without prejudice.

This aspect of defendants' motion is more properly characterized as a CPLR §3211(10), motion: "the court should not proceed in the absence of a person who should be a party." The Court treats it as such.

Both Berkshire and Lloyd's were named by the plaintiffs as "nominal parties." The complaint refers to them as follows:

> "19. Berkshire Hathaway and Lloyd's are named herein solely as nominal defendants because their rights, including their duties to defend and indemnify Colliers, may be affected by a determination in this action.
>
> 20. Colliers does not at this time seek damages or relief directly against Berkshire Hathaway or Lloyd's, and their inclusion is intended only to ensure that any declaratory judgment or other relief entered by this Court fully and finally determines the scope, priority, and allocation of

### Page **7** of **10**

[* 7]

coverages among the insurers, including the priority of defense and indemnity obligations to Colliers." (NYSCEF Doc. No. 69.)

The defendants argued that Berkshire and Lloyd's are necessary parties, citing a variety of cases for the general proposition that all parties potentially affected are necessary before a declaratory judgment can be granted. For example, they cited *David Christa Constr., Inc. v Am. Home Assur. Co.*, 41 AD3d 1211 [4th Dept 2007]. In that case, it was the defendant's motion in question, in which it had argued that its insurance policy be declared a secondary policy to one provided by a non-party insurer. The appellate court found that the non-party insurer should have been named as a party before such a determination was made. ("American Home Assurance Company (defendant) appeals from an order denying its motion for summary judgment seeking a declaration that its insurance policy is excess to two policies carried by plaintiff and that defendant "does not owe plaintiff a defense or indemnification (other than possible excess indemnification) for the claims" in the underlying action.")

Plaintiffs argued that this court may proceed to determine the issues in this case without Berkshire and Lloyd's, relying, in part, on *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v Hartford Ins. Co. of Midwest*, 248 AD2d 78 [1st Dept 1998], *affd*, 93 NY2d 983 [1999]. In that case, the court held that "[t]he court had no duty to decide the coinsurance issue in the context of the Chaos declaratory judgment action, and the law is clear that the preclusive effect of a declaratory action is limited to the subject matter of the declaratory relief sought (*see, Jefferson Towers v Public Serv. Mut. Ins. Co.*, 195 AD2d 311, 313). Here, the declaration was that National Union was obligated to defend and indemnify Chaos, notwithstanding the presence of a potential coinsurer" (*Natl. Union Fire Ins. Co. of Pittsburgh, Pa., id.*, at 83).

Both parties are partially right. The determination of whether Berkshire and Lloyd's are necessary parties is contingent on what issues are to be decided and when.

First, plaintiffs are correct that their request for a declaratory judgment seeking a determination that the moving defendants are too late to deny coverage is unique to each of the named defendants herein; the absence of Berkshire and Lloyd's as defendants is irrelevant to that determination. The moving defendants' attempts to distinguish *Natl. Union, id.*, and other cases based on the proposition that it has yet to be determined whether the Berkshire and Lloyd's policies are "coinsurance" policies is unavailing. The preliminary and primary question here, as was discussed at the Court's recent conference, is whether the named insurance carrier defendants have forfeited the ability to deny coverage. In other words, before deciding who is on first, it must be decided who is on the team.

Second, even if the arguments advanced by the moving defendants regarding Berkshire and Lloyd's being "necessary parties" were valid, the remedy of dismissal for failure to join a necessary party is a "last resort" (*see, e.g.*, Siegel, New York Practice §133). A more appropriate remedy would be that at such time as the issues of priority are to be determined, any party could seek to have Berkshire and Lloyd's brought back into the action. This can be done in the context of the declaratory judgment action or the breach of contract action, when and if issues of priority arise.

In this regard, it is notable that the moving defendants maintained that an alternative proper remedy other than dismissal would be to "re-serve" the former defendants, Berkshire and Lloyd's. Berkshire and Lloyd's were served with the summons and complaint which contained

**Page 8 of 10**

the request for the Court to set the priority of coverage among the various policies. They clearly chose not to participate in the litigation at this time. And clearly, the issue of priority comes *after* the determination of whether the various insurers have a duty to provide coverage in the first instance.

Finally, given the particular nature of this case – over 15 actions involving 18 plaintiffs (some suffering catastrophic injuries), against eleven named defendants scheduled for trial on September 8, 2026 –resolution of the issue of whether the various carriers named have waived their ability to timely disclaim coverage is the preliminary and central one which should be dealt with expeditiously. This is particularly true where the plaintiffs have indicated they will be seeking summary judgment on this issue in the very near future.

Accordingly, the dismissal on the basis of failure to currently have Berkshire and Lloyd's as parties to the action is denied.

*Attorney's fees*

Plaintiffs argued, in part, that the legal fee request in the "[w]herefore" clause of the complaint is valid because if one or more of the defendants is required to provide defense in the personal injury actions arising from the explosion, the plaintiffs would be entitled to recover legal fees, disbursements and costs they have incurred in defending those actions (or the corresponding reduction in available coverage). They further argued that attorneys' fees could be awarded in this action for frivolous conduct and/or if the defendants were to counterclaim to avoid coverage.

As noted above, at the pleading stage, the complaint must be viewed in the light most favorable to the Plaintiff. "On a CPLR 3211(a)(7) motion to dismiss for failure to state a cause of action, the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true (*see 219 Broadway Corp. v. Alexander's, Inc.,* 46 N.Y.2d 506, 509, 414 N.Y.S.2d 889, 387 N.E.2d 1205 [1979] ). Further, on such a motion, the complaint is to be construed liberally and all reasonable inferences must be drawn in favor of the plaintiff (*Leon v. Martinez,* 84 N.Y.2d at 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511)" (*Alden Glob. Value Recovery Master Fund, L.P. v KeyBank N.A.,* 159 AD3d 618, 621-22 [1st Dept 2018]).

Given the early stage of this action and the potential for recovery of attorneys' fees depending on the course of the litigation (defenses pursued, conduct engaged in), it would be premature to find, as a matter of law, that such relief can not be pursued. Naturally, if attorneys' fees are ultimately not warranted based on the parties' conduct and claims, they will not be awarded. In short, it is not necessary to dismiss this request for relief in order to avoid its improper application.

In light of the above determinations, it is not necessary to address each of the several other arguments raised by the parties (*see* CPLR 2219;(a); *and, generally, Charalabidis v. Elnagar,* 188 AD3d 44, 49 [2d Dept 2020] ("While courts may address the merits of each separate branch of a motion or cross motion, and will often do so, [CPLR 2219] does not require the court to do so if one branch is controlling or dispositive of the others. Courts may dispose of one or more branches of lesser importance as being without merit or rendered academic by other aspects of the order."); *NYCTL 2012-A Trust v. 1698 Lex Corp.,* 169 AD3d 577 [1st Dept 2019]).

INDEX NO. 2025-56680

RECEIVED NYSCEF: 03/23/2026

Based on the foregoing, it is hereby

ORDERED, that the defendants' motion (sequence #3) is granted solely to the extent that so much of the second cause of action in the complaint which seeks a declaration that pursuant to Insurance Law §3420(d)(2), the defendants are each estopped from relying upon any policy conditions, limitation, or exclusions to attempt to avoid coverage, is dismissed, and the motion is otherwise denied; and it is further

ORDERED, that prior to any application or motion by any party seeking relief that will necessarily implicate the interests of Berkshire or Lloyd's as to the priority of their respective policies in relation to the priority of the policies of the defendants herein, the applicant/movant shall move to join Berkshire and Lloyd's as defendants; and it is further

ORDERED that the defendants shall file and serve their respective answers within the time prescribed by CPLR §3211(f).

Dated: March 23, 2026
      Poughkeepsie, NY

ENTER,

_____
Hon. Thomas R. Davis, J.S.C.

TO:    All counsel of record via NYSCEF filing

Pursuant to CPLR Section 5513, an appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.